Exhibit 10

**Jeff Rosenfeld**

| | |
|---|---|
| **From:** | Jeff Rosenfeld |
| **Sent:** | Wednesday, October 21, 2020 3:45 PM |
| **To:** | 'Joel G. MacMull' |
| **Cc:** | Leah Vulic; Iyah Turminini |
| **Subject:** | FW: Yang v. Lin: Follow-Up to Discussion |
| **Attachments:** | YANG026544.jpg; YANG025007.html; VOLUME5.csv |

Joel,

Thanks for taking the time to chat today. Here is a roundup of some of the topics we discussed.

1. Medical Records – As I mentioned, we have produced the complete set of responsive medical records that are in Christine Yang's possession and that we received in response to our formal requests to Christine's physicians as YANG029088-YANG029177. YANG029088-YANG029010 comprise documents received from Dr. Yang (psychiatrist). YANG029011-YANG029117 comprise documents received from Dr. Yeh.

2. Social Media Profiles – As I mentioned, our production included the following social media documents: 1) posts (which include dates, text, and links to images); 2) separate files comprising the images; and 3) a load file. Because the images were renamed with Bates-numbers, you or your vendor would need to refer to the load file to associate a post with a linked image. I have attached an example of a post (YANG025007.html), a load file (VOLUME5.csv), and a linked image (YANG026544). If you open YANG025007.html, the first post is titled "Dubai Four Seasons Hotel 2018" and links to the image file named: "43496377_10214614042759343_300038601894055168_o_10214614042679341.jpg." If you search for that file name in VOLUME5.csv (appearing on row 861), you will see that the corresponding Bates-number for the image file is YANG026544, which has been produced natively and as a PDF. An e-discovery vendor can employ a macro to change the file paths to directly link to the images if that would assist your review. Relatedly, I said that I would speak with my client about whether she is willing to produce screenshots of their social media feeds.

3. Confidentiality Designation – While Plaintiff maintains her confidentiality designations under the Protective Order, we will agree that you may file Plaintiff's social media documents in the public record (YANG024995-YANG029087).

-Jeff

_____

## Jeffrey M. Rosenfeld
**PARTNER**

**KRONENBERGER ROSENFELD, LLP**
150 Post Street, Ste 520 San Francisco, CA 94108
**Phone:** (415) 955-1155 Ext. 112

**Get vCard   LinkedIn   jeff@krinternetlaw.com**
**www.krinternetlaw.com**




Follow us




NOTICE: This email may contain material that is privileged, confidential, and/or attorney-client work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express written permission is strictly prohibited.  If you are not the intended recipient, please contact the sender at the above number and delete all copies.  Inadvertent waiver shall waive no privileges.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein (the foregoing paragraph has been affixed pursuant to U.S. Treasury Regulations governing tax practice).

EXHIBIT A

# KRONENBERGER ROSENFELD

August 6, 2020


Joel G. MacMull
Arla D. Cahill
Brian M. Block
MANDELBAUM SALSBURG, P.C.
3 Becker Farm Road
Roseland, New Jersey 07068
jmacmull@lawfirm.ms
acahill@lawfirm.ms
BBlock@lawfirm.ms

**VIA EMAIL**

**RE:**   ***Yang, Tzuhsin v. Lin, Peony, et al.***, Civil Action No. 2:19-cv-08534-ES-ESK;
**Meet-and-Confer re. Discovery Issues**

Dear Counsel:

As you know, we represent Plaintiff Tzuhsin Yang a/k/a Christine Yang in the above-referenced matter. Pursuant to the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of New Jersey, and the Individual Rules of Magistrate Judge Edward Kiel, this letter serves to initiate the meet-and-confer process regarding deficiencies in Defendant's responses in the following:

1) Defendant Peony Lin's Responses and Objections to Plaintiff's First Set of Requests for Production;
2) Defendant Peony Lin's Responses and Objections to Plaintiff's First Set of Interrogatories;
3) Defendant Peony Lin's Responses and Objections to Plaintiff Tzuhsin Yang's Requests for Admission; and
4) Defendant's Production of Documents in Response to Plaintiff's First Set of Requests for Production of Documents to Defendant.

Can you please provide amended responses and produce documents to address each discovery deficiency identified in this letter by close of business on August 13, 2020? If you decline to amend responses or produce documents, can you please let me know your availability during the week of August 15, 2020 for a verbal meet-and-confer conference about these discovery issues? We look forward to working with you through these issues.

**1.   Defendant's Responses to Plaintiff's First Set of Requests for Production of Documents**

**a.   General Requirements for Responses to Requests for Production**

The Federal Rules of Civil Procedure set forth specific provisions for responding to requests for production. The party to whom a Rule 34 request is directed *must* respond separately to each item that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. Fed. R. Civ. P. 34

Case 2:19-cv-08534-ES-ESK    Document 63-10    Filed 12/02/20    Page 5 of 40 PageID: 1199
Joel MacMull, et al.
August 6, 2020
Page **2** of **16**

(b)(2)(B). A party must produce all documents within its "possession, custody or control." Fed. R. Civ. P. 34(a)(1). A discovery response is insufficient if, after not producing documents, a party fails to state that a diligent inquiry has been made and that the party is not in possession or control of any responsive documents or information, other than those it has provided, except where it has made a detailed objection. *See Jeffress v. Ocwen Fin. Corp.*, No. CV 15-6330, 2016 WL 6276443, at *2 (E.D. Pa. Oct. 27, 2016). Furthermore, parties withholding documents as privileged should identify and describe the documents in sufficient detail to enable the demanding party to assess the applicability of the privilege or protection. Fed. R. Civ. P. 26(b)(5); *see also Yeakel v. Werner Enterprises, Inc.*, No. 3:07CV2054, 2008 WL 2120515, at *2 (M.D. Pa. May 19, 2008) (a determination on privilege requires a specific inquiry into the nature of the document in question and the need of the party seeking discovery for access to it).

For an objection to be effective, the party objecting must identify the specific document or evidence requested as to which the objection is made and set forth with specificity the grounds for the objection. Fed. R. Civ. P. 34 (b)(2)(B). Regardless of whether a party objects to a request in its entirety or as a part, the objection must state whether *any* responsive materials are being withheld on the basis of the objection. Fed. R. Civ. P. 34 (b)(2)(C). If the objection applies only to a part of the documents requested, the responding party must identify the material being withheld and produce the remainder. Fed. R. Civ. P. 34 (b)(2)(C). The responding party must state with specificity the objection and how it relates to the particular request being opposed; the objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each request is overly broad, burdensome, or oppressive. *See Harding v. Dana Transp., Inc.*, 914 F. Supp. 1084, 1102 (D.N.J. 1996). The burden is on the party resisting discovery to clarify and explain its objections and provide support therefor. *See id.* General objections are not proper and, without more, are an insufficient basis for refusal to respond, and failure to meet this obligation may result in waiver of the objections. *See id.*

## b.    Deficient Responses to Specific Requests

**REQUEST NO. 1:**    This Request seeks all documents that refer to Plaintiff. In response, Defendant objected to the Request as overly broad, unduly burdensome, not relevant to any party's claims or defenses, and not proportional to the needs of the case because it was not limited in time. Defendant further objected to this Request on the basis of numerous privileges. Defendant further stated that she is withholding documents on the basis of her objections. We find Defendant's objections without merit and her response deficient.

Each party to a litigation is entitled to discovery of non-privileged information that is relevant to any party's claim or defense as long as it is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Documents in Defendant's possession that refer to Plaintiff are relevant to Plaintiff's claim that Defendant defamed her and to Defendant's own knowledge of Plaintiff, which is relevant to Defendant's negligence or actual malice in publishing statements about Plaintiff. In addition, a party's response to document requests must state the extent to which the responding party is willing to comply and the extent to which it is unable or unwilling to comply. *See* Fed. R. Civ. P. 34. Finally, given that Defendant claims only to know of Plaintiff through Plaintiff's public social media profiles and through discussions with Andrew Chiao Ching Lu, it seems difficult to imagine that the universe of Defendant's documents referring to Plaintiff would be "overly broad" or "unduly burdensome" for Defendant to search for and produce.

Moreover, Defendant's boilerplate objections of privilege lack merit and are also improper. Defendant states that "[d]ocuments are being withheld on the basis of" her privilege objections,

Joel MacMull, et al.
August 6, 2020
Page **3** of **16**

but Defendant has not provided a privilege log detailing what documents are being withheld and the basis for withholding each document. When claiming a privilege, a party must describe the withheld material to allow the propounding party to assess the objection. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii). At a minimum, Defendant must identify what documents she is withholding with sufficient particularity for Plaintiff to evaluate the validity of her objections.

For the reasons stated above, please provide an amended response and produce all responsive documents.

**REQUEST NO. 10:** This Request asked Defendant to produce documents identifying all electronic devices that her spouse has owned. In response, Defendant objected to the Request as overly broad, unduly burdensome, not relevant to any party's claims or defenses, and not proportional to the needs of the case because it was not limited in time. Defendant further objected to this Request on the basis of numerous privileges. Defendant further objected to this Request to the extent it seeks documents or information that belong to her spouse, who is not a party to this action. Defendant further stated that she is withholding documents on the basis of her objections. We find Defendant's objections without merit and her response deficient.

Each party to a litigation is entitled to discovery of non-privileged information that is relevant to any party's claim or defense as long as it is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Documents in Defendant's possession that identify her husband's electronic devices are relevant to this case because, through third-party discovery in the California action, Plaintiff learned that Defendant used her husband's electronic devices to perpetrate the misconduct alleged against her in this action. Specifically, Defendant used her husband's phone number to register the Gmail address she used to send some of the allegedly defamatory statements at issue in this action. Thus, information about Defendant's husband's electronic devices is clearly relevant to Plaintiff's claim, and Plaintiff is entitled to this information.

Moreover, Defendant's boilerplate objections of privilege lack merit and are also improper. Defendant states that "[d]ocuments are being withheld on the basis of" her privilege objections, but Defendant has not provided a privilege log detailing what documents are being withheld and the basis for withholding each document. When claiming a privilege, a party must describe the withheld material to allow the propounding party to assess the objection. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii). At a minimum, Defendant must identify what documents she is withholding with sufficient particularity for Plaintiff to evaluate the validity of her objections.

For the reasons stated above, please provide an amended response and produce all responsive documents.

**REQUEST NO. 11:** This Request asked Defendant to produce documents identifying each electronic device that Jiayang Chen has owned. In response, Defendant objected to the Request as overly broad, unduly burdensome, not relevant to any party's claims or defenses, and not proportional to the needs of the case because it was not limited in time. Defendant further objected to this Request on the basis of numerous privileges. Defendant further objected to this Request to the extent it seeks documents or information that belong to Jiayang Chen, who is not a party to this action. Defendant further stated that she is withholding documents on the basis of her objections. We find Defendant's objections without merit and her response deficient.

Each party to a litigation is entitled to discovery of non-privileged information that is relevant to any party's claim or defense as long as it is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Documents in Defendant's possession that identify Jiayang Chen's

Joel MacMull, et al.
August 6, 2020
Page **4** of 16

electronic devices are relevant to this case because, through third-party discovery in the California action, Plaintiff learned that Defendant used Jiayang Chen's electronic devices to perpetrate the misconduct alleged against her in this action. Specifically, Defendant used Jiayang Chen's phone number to register the Gmail address she used to send some of the allegedly defamatory statements at issue in this action. Thus, information about Jiayang Chen's electronic devices is clearly relevant to Plaintiff's claim, and Plaintiff is entitled to this information.

Moreover, Defendant's boilerplate objections of privilege lack merit and are also improper. Defendant states that "[d]ocuments are being withheld on the basis of" her privilege objections, but Defendant has not provided a privilege log detailing what documents are being withheld and the basis for withholding each document. When claiming a privilege, a party must describe the withheld material to allow the propounding party to assess the objection. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii). At a minimum, Defendant must identify what documents she is withholding with sufficient particularity for Plaintiff to evaluate the validity of her objections.

For the reasons stated above, please provide an amended response and produce all responsive documents.

**REQUEST NO. 13:** This Request asked Defendant to produce documents that reference or relate to any content contained in Paragraphs 18, 20, 22, 24, 26, 28, 29, and 30 of the Complaint (the "Defamatory Statements"). In response, Defendant objected to the Request as overly broad, unduly burdensome, not relevant to any party's claims or defenses, and not proportional to the needs of the case because it was not limited in time. Defendant further objected to this Request on the basis of numerous privileges. Defendant then stated that she is not in possession, custody, or control of any documents responsive to this Request.

Defendant's boilerplate objections of privilege lack merit and are also improper. Defendant states that "[d]ocuments are being withheld on the basis of" her privilege objections, but Defendant has not provided a privilege log detailing what documents are being withheld and the basis for withholding each document. When claiming a privilege, a party must describe the withheld material to allow the propounding party to assess the objection. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii). At a minimum, Defendant must identify what documents she is withholding with sufficient particularity for Plaintiff to evaluate the validity of her objections.

Defendant's response that she is not in possession, custody, or control of any documents responsive to this Request is simply untrue. Specifically, as document Bates-labeled LIN017, Defendant produced a screenshot of a text message conversation that contained a link to www.cheatersandbastards.com/christine-yang-of-california/, on which some of the Defamatory Statements were published. Thus, Defendant's response is inaccurate. Can you please: 1) provide an amended response to Request No. 13, and 2) confirm that Defendant possesses no other documents responsive to this Request?

2.    **Defendant's Responses to Plaintiff's First Set of Interrogatories**

a.    **General Requirements for Responses to Interrogatories**

An interrogatory response must be complete in itself, explicit, and responsive. All grounds for objection to an interrogatory must be stated with specificity. *See* Fed. R. Civ. P. 33(b)(4). Nonspecific boilerplate objections to an opposing party's interrogatories are inadequate under Rule 33. *See, e.g., NE Techs., Inc. v. Evolving Sys., Inc.*, No. CIV.A. 06-6061 (MLC), 2008 WL 4277668, at *5 (D.N.J. Sept. 12, 2008); *Flynn v. Manufacturers & Trades Tr. Co.*, No. 17-CV-

Joel MacMull, et al.
August 6, 2020
Page **5** of **16**

04806-WB, 2019 WL 414912, at *3 (E.D. Pa. Jan. 31, 2019); *Morgan v. Havir Mfg. Co.*, No. CIV. A. 92-5536, 1994 WL 384665, at *2 (E.D. Pa. July 18, 1994). Moreover, a party answering interrogatories has an affirmative duty to furnish any and all information available to the party. An answering party must pull together a verified answer by reviewing all sources of responsive information reasonably available to her and provide the responsive, relevant facts reasonable available to her.

### b.    Deficient Answers to Specific Interrogatories

**INTERROGATORY NO. 1:** This Interrogatory asked Defendant to identify each email account she has created or used since January 1, 2015. Defendant objected to the Interrogatory as overly broad, unduly burdensome, not relevant to any party's claims or defenses in the action, and not proportional to the needs of the case because it requires the identification of information that exceeds the applicable time period or scope relevant to this litigation, i.e., one year. We find Defendant's objections without merit and her response insufficient.

Defendant either denies making any of the Defamatory Statements at issue or denies knowledge or information sufficient to form a belief as to the allegations of Plaintiff's Complaint that Defendant made the Defamatory Statements. Plaintiff seeks the identification of the email accounts Defendant has used or created in order to determine whether Defendant did, in fact, make the Defamatory Statements at issue; i.e., if Defendant's email accounts can be linked to the Defamatory Statements at issue, it tends to show that Defendant did in fact author and/or publish those Defamatory Statements.

Although the statute of limitations for defamation in New Jersey is one year, Plaintiff's complaint alleges that the defamatory statements published about her began as early as the year 2016. Thus, although publications made as early as 2016 are not at issue in this case, they are still relevant as to whether Defendant published the Defamatory Statements that are at issue in this case. In other words, identification of the email accounts Defendant has used and accessed since January 1, 2015 may very well link her to older defamatory publications about Plaintiff. Such evidence increases the likelihood that Defendant made the more recent Defamatory Statements about Plaintiff that are at issue. In addition, the fact that Defendant published multiple defamatory statements about Plaintiff at any time is also relevant to demonstrate her negligence or actual malice in making the statements about Plaintiff, in addition to Defendant's common law malice.

Without waiving her objections, Defendant identified two email addresses, lin_peony@yahoo.com and peony.t.lin@gmail.com. Can you please confirm whether Defendant is limiting her identification of these two email accounts to the past one-year time period? If so, please provide an amended response that includes all email accounts Defendant has created or used since January 1, 2015.

**INTERROGATORY NO. 2:** This Interrogatory asked Defendant to identify each mobile or cellular phone she has owned or used since January 1, 2015. Defendant objected to the Interrogatory as overly broad, unduly burdensome, not relevant to any party's claims or defenses in the action, and not proportional to the needs of the case because it requires the identification of information that exceeds the applicable time period or scope relevant to this litigation, i.e., one year. Defendant also objected to this Interrogatory as seeking information she does not possess or have authority to release concerning cellular devices owned by third parties. We find Defendant's objections without merit and her response insufficient.

Joel MacMull, et al.
August 6, 2020
Page **6** of **16**

Defendant either denies making any of the Defamatory Statements at issue or denies knowledge or information sufficient to form a belief as to the allegations of Plaintiff's Complaint that Defendant made the Defamatory Statements. Plaintiff seeks the identification of the mobile or cellular phones Defendant has owned or used in order to show that Defendant did, in fact, make the Defamatory Statements at issue; i.e., if devices that Defendant has owned or used can be linked to the Defamatory Statements at issue, it tends to show that Defendant did in fact author and/or publish those Defamatory Statements.

Although the statute of limitations for defamation in New Jersey is one year, Plaintiff's complaint alleges that the defamatory statements published about her began as early as the year 2016. Thus, although publications made as early as 2016 are not at issue in this case, they are still relevant as to whether Defendant published the Defamatory Statements that are at issue in this case. In other words, identification of the mobile or cellular phones Defendant has used and accessed since January 1, 2015 may very well link her to older defamatory publications about Plaintiff. This information is relevant because it will increase the likelihood that Defendant made the more recent Defamatory Statements about Plaintiff that are at issue. In addition, the fact that Defendant published multiple defamatory statements about Plaintiff at any time is also relevant to demonstrate her negligence or actual malice in making the statements about Plaintiff.

Without waiving her objections, Defendant identified an Apple iPhone 8S with a phone number of 610-203-1933. Can you please confirm: 1) whether Defendant is limiting her identification of this mobile phone to the past one-year time period, and 2) whether Defendant is withholding information about mobile or cellular phones she has owned or used but belong to third parties? If so, please provide an amended response that includes all mobile or cellular phones Defendant has owned or used since January 1, 2015, including phones belonging to third parties, to the extent Defendant has this information in her possession, custody, and control.

**INTERROGATORY NO. 3:** This Interrogatory asked Defendant to identify each mobile or cellular phone owned or used by any member of her household since January 1, 2015. Defendant objected to the Interrogatory as overly broad, unduly burdensome, not relevant to any party's claims or defenses in the action, and not proportional to the needs of the case because it requires the identification of information that exceeds the applicable time period or scope relevant to this litigation, i.e., one year. Defendant also objected to this Interrogatory as seeking information she does not possess or have authority to release concerning cellular devices owned by third parties or that the Interrogatory seeks information from people who are not parties to this action. We find Defendant's objections without merit and her response insufficient.

Defendant either denies making any of the Defamatory Statements at issue or denies knowledge or information sufficient to form a belief as to the allegations of Plaintiff's Complaint that Defendant made the Defamatory Statements. Plaintiff seeks the identification of the mobile or cellular phones owned or used by members of Defendant's household in order to show that Defendant did, in fact, make the Defamatory Statements at issue; i.e., if devices that Defendant's household members have owned or used can be linked to the Defamatory Statements at issue, it tends to show that Defendant authored and/or published the Defamatory Statements. Third-party discovery in the California action has shown that Defendant used her household members' mobile devices in the past, e.g., to register the email account peony.t.lin@gmail.com, which was used to defame Plaintiff.

Although the statute of limitations for defamation in New Jersey is one year, Plaintiff's complaint alleges that the defamatory statements published about her began as early as the year 2016. Thus, although publications made as early as 2016 are not at issue in this case, they are

Joel MacMull, et al.
August 6, 2020
Page **7** of **16**

still relevant as to whether Defendant published the Defamatory Statements that are at issue in this case. In other words, identification of the mobile or cellular phones used or owned by members of Defendants' household since January 1, 2015 may very well link her to older defamatory publications about Plaintiff. This information is relevant because it will increase the likelihood that Defendant made the more recent Defamatory Statements about Plaintiff that are at issue. In addition, the fact that Defendant published multiple defamatory statements about Plaintiff at any time is also relevant to demonstrate her negligence or actual malice in making the statements about Plaintiff.

Please provide an amended response to this Interrogatory.

**INTERROGATORY NO. 4:** This Interrogatory asked Defendant to identify each internet service provider with which Defendant has an account, either individually or jointly, since January 1, 2015. Defendant objected to the Interrogatory as overly broad, unduly burdensome, not relevant to any party's claims or defenses in the action, and not proportional to the needs of the case because it requires the identification of information that exceeds the applicable time period or scope relevant to this litigation, i.e., one year. Subject to and without waiving her objections, Defendant identified a Spectrum account for the time period August 2017 to October 2018 and a Verizon account from October 2018 to the present.

Given Defendant's objections, can you please confirm whether these are the only ISPs with which Defendant has had an account since January 1, 2015?

**INTERROGATORY NO. 5:** This Interrogatory asked Defendant to identify each internet service provider with which any member of Defendant's household has an account, either individually or jointly, since January 1, 2015. Defendant objected to the Interrogatory as overly broad, unduly burdensome, not relevant to any party's claims or defenses in the action, and not proportional to the needs of the case because it requires the identification of information that exceeds the applicable time period or scope relevant to this litigation, i.e., one year. Defendant further objected to this Interrogatory as seeking information she does not possess or have authority to release concerning third parties or as seeking information from those who are not parties to this action. Subject to and without waiving her objections, Defendant identified a Spectrum account for the time period August 2017 to October 2018 and a Verizon account from October 2018 to the present.

Given Defendant's objections as to the scope of time and information belonging to third parties, can you please confirm whether these are the only ISPs with which any member of Defendant's household has had an account since January 1, 2015?

**INTERROGATORY NO. 6:** This Interrogatory asked Defendant to identify each electronic device she has owned or used since January 1, 2015. Defendant objected to the Interrogatory as overly broad, unduly burdensome, not relevant to any party's claims or defenses in the action, and not proportional to the needs of the case because it requires the identification of information that exceeds the applicable time period or scope relevant to this litigation, i.e., one year. Defendant also objected to this Interrogatory as seeking information she does not possess or have authority to release concerning devices owned by third parties. We find Defendant's objections without merit and her response insufficient.

Defendant either denies making any of the Defamatory Statements at issue or denies knowledge or information sufficient to form a belief as to the allegations of Plaintiff's Complaint that Defendant made the Defamatory Statements. Plaintiff seeks the identification of the electronic

Joel MacMull, et al.
August 6, 2020
Page **8** of **16**

devices Defendant has owned or used in order to show that Defendant did, in fact, make the Defamatory Statements at issue; i.e., if devices that Defendant has owned or used can be linked to the Defamatory Statements at issue, it tends to show that Defendant did in fact author and/or publish those Defamatory Statements.

Although the statute of limitations for defamation in New Jersey is one year, Plaintiff's complaint alleges that the defamatory statements published about her began as early as the year 2016. Thus, although publications made as early as 2016 are not at issue in this case, they are still relevant as to whether Defendant published the Defamatory Statements that are at issue in this case. In other words, identification of the electronic devices Defendant has owned and used since January 1, 2015 may very well link her to older defamatory publications about Plaintiff. This information is relevant because it will increase the likelihood that Defendant made the more recent Defamatory Statements about Plaintiff that are at issue. In addition, the fact that Defendant published multiple defamatory statements about Plaintiff at any time is also relevant to demonstrate her negligence or actual malice in making the statements about Plaintiff.

Without waiving her objections, Defendant identified an Apple iPhone 8S with a phone number of 610-203-1933, an Apple MacBook Pro, and an Apple iMacOS desktop computer. Can you please confirm: 1) whether Defendant is limiting her identification of these electronic devices to the past one-year time period, and 2) whether Defendant is withholding information about electronic devices she has owned or used but belong to third parties, including Defendant's husband? If so, please provide an amended response that includes all electronic devices Defendant has owned or used since January 1, 2015, including electronic devices belonging to third parties, to the extent Defendant has this information in her possession, custody, and control.

**INTERROGATORY NO. 7:** Interrogatory No. 7 asked Defendant to identify all IP address she has used since January 1, 2015. In response, Defendant directed Plaintiff to the information provided in response to Interrogatories Nos. 2, 3, and 6, which identified the IP address of Defendant's mobile phone, personal laptop computer, and personal desktop computer.

Could you please confirm that these are the only known IP addresses Defendant has used during the relevant time period?

**INTERROGATORY NO. 8:** Interrogatory No. 8 asked Defendant to identify all electronic accounts that she has created or published to or from since January 1, 2015. Defendant objected to the Interrogatory as overly broad, unduly burdensome, not relevant to any party's claims or defenses in the action, and not proportional to the needs of the case because it requires the identification of information that exceeds the applicable time period or scope relevant to this litigation, i.e., one year. Defendant also objected to this Interrogatory as vague or ambiguous as the term "published" has a specific meaning in the context of defamation actions. We find Defendant's objections without merit and her response deficient.

Defendant either denies making any of the Defamatory Statements at issue or denies knowledge or information sufficient to form a belief as to the allegations of Plaintiff's Complaint that Defendant made the Defamatory Statements. Plaintiff seeks the identification of the electronic accounts Defendant has created or published to in order to show that Defendant did, in fact, make the Defamatory Statements at issue; i.e., if electronic accounts that Defendant has created or published to or from can be linked to the Defamatory Statements at issue, it tends to show that Defendant did in fact author and/or publish those Defamatory Statements.

Case 2:19-cv-08534-ES-ESK    Document 63-10    Filed 12/02/20    Page 12 of 40 PageID: 1206

Joel MacMull, et al.
August 6, 2020
Page **9** of **16**

Although the statute of limitations for defamation in New Jersey is one year, Plaintiff's complaint alleges that the defamatory statements published about her began as early as the year 2016. Thus, although publications made as early as 2016 are not at issue in this case, they are still relevant as to whether Defendant published the Defamatory Statements that are at issue in this case. In other words, identification of the electronic accounts Defendant has created or published to or from since January 1, 2015 may very well link her to older defamatory publications about Plaintiff. This information is relevant because it will increase the likelihood that Defendant made the more recent Defamatory Statements about Plaintiff that are at issue. In addition, the fact that Defendant published multiple defamatory statements about Plaintiff at any time is also relevant to demonstrate her negligence or actual malice in making the statements about Plaintiff.

Without waiving her objections, Defendant identified several email accounts and social media accounts. Given Defendant's objections as to time, can you please confirm that Defendant has identified all electronic accounts she has either created or published to or from since January 1, 2015? If Defendant has limited the electronic accounts she has identified to only those she has created or published to or from in the past year, please provide an amended response.

**INTERROGATORY NO. 9:** interrogatory No. 9 asked Defendant to identify all facts that support the truth of the allegedly Defamatory Statements that Defendant admits to authoring, co-authoring, or publishing. Defendant objected to the Interrogatory as overly broad, unduly burdensome, not relevant to any party's claims or defenses in the action, and not proportional to the needs of the case because it requires the identification of information that exceeds the applicable time period or scope relevant to this litigation, i.e., one year. Defendant also objected to this Interrogatory on the grounds that it is compound, causing Plaintiff to exceed the permissible amount of interrogatories. Defendant further objected that any of the statements that she admits that she did author, if any, are statements of opinion and not objective facts capable of being proved true or false. Subject to and without waiving her objections, Defendant responded that insofar as she admits to authoring any of the statements, any "facts" underscoring her statements are based on information obtained from Andrew Chiao Ching Lu, Plaintiff's social media accounts, and publications made by Plaintiff. We find Defendant's objections without merit and her response deficient.

Defendant's objection that the Interrogatory requires the identification of information that exceeds the applicable time period or scope relevant to this litigation, i.e., one year, fails. Information that Defendant obtained about Plaintiff before the statements were published is directly relevant to whether Defendant's statements about Plaintiff are false and defamatory, and to Defendant's knowledge when she made those statements.

Further, Defendant's response is not responsive to the Interrogatory asked. Plaintiff asked Defendant to identify all "facts" that support the truth of the statements Defendant made about Plaintiff. In response, Defendant simply identified the *sources* where she claimed she obtained facts about Plaintiff, i.e., from Andrew Chiao Ching Lu, Plaintiff's social media accounts, and publications made by Plaintiff. Defendant's response is insufficient and non-responsive. Please provide an amended response.

**INTERROGATORY NO. 10:** Interrogatory No. 10 asked Defendant, for each of the allegedly Defamatory Statements identified in the Complaint that Defendants admits to authoring, co-authoring, or publishing, to explain why she authored, co-authored, or published that statement. Defendant objected to the Interrogatory as overly broad, unduly burdensome, not relevant to any party's claims or defenses in the action, and not proportional to the needs of the case because it requires the identification of information that exceeds the applicable time period or scope relevant

Case 2:19-cv-08534-ES-ESK   Document 63-10   Filed 12/02/20   Page 13 of 40 PageID: 1207

Joel MacMull, et al.
August 6, 2020
Page **10** of **16**

to this litigation, i.e., one year. Defendant also objected to this Interrogatory on the grounds that it is compound, causing Plaintiff to exceed the permissible amount of interrogatories. Defendant further objected that any of the statements that she admits that she did author, if any, are statements of opinion and not objective facts capable of being proven true or false. Subject to and without waiving her objections, Defendant responded that insofar as she admits to authoring any of the statements, the reasons why she did so, if any, are irrelevant because defamation is a strict liability offense. We find Defendant's objections without merit and her response deficient.

Defendant's objection that the Interrogatory requires the identification of information that exceeds the applicable time period or scope relevant to this litigation, i.e., one year, fails. Each of the allegedly Defamatory Statements identified in the Complaint is within the one year statute of limitations for defamation, and Defendant cannot limit her response to this Interrogatory to one year from the date she is serving her response, because it has already been over one year since the Complaint was filed.

Next, Defendant's objection that the reasons why, if any, she authored, co-authored, or published any allegedly Defamatory Statement about Plaintiff are irrelevant because defamation is a strict liability tort is simply incorrect. First, to the extent Defendant admits to authoring, co-authoring, or publishing any of the allegedly Defamatory Statements about Plaintiff, there has to be a reason she did so, even if it something as simple as, "I just felt like it"; authoring or publishing a statement about someone else is a volitional act, not an impulse or automatic reaction to another event. Second, defamation is not a strict liability offense. Specifically, to bring a defamation claim under New Jersey law, a plaintiff must show 1) that defendants made a false and defamatory statement concerning plaintiff, 2) that the statement was communicated to another person (and not privileged), and 3) that defendants acted *negligently or with actual malice. See Ali v. Woodbridge Twp. Sch. Dist.*, 957 F.3d 174, 182–83 (3d Cir. 2020). (emphasis added) Thus, Defendant's state of mind while authoring and/or publishing the statements and determining whether to author and/or publish the statements is relevant to the issues in this case. Defendant's reasons for authoring and/or publishing the statements are also relevant to both malice and exemplary damages.

Thus, please provide an amended response.

**INTERROGATORY NO. 12:** Interrogatory No. 12 asked Defendant to identify anyone with whom she communicated about the allegedly Defamatory Statements contained in the Complaint, including contact information, title and place of employment, dates of communications, and substance of the communications. Defendant objected to the Interrogatory as overly broad, unduly burdensome, not relevant to any party's claims or defenses in the action, and not proportional to the needs of the case because it requires the identification of information that exceeds the applicable time period or scope relevant to this litigation, i.e., one year. Defendant also objected to this Interrogatory on the grounds that it is compound, causing Plaintiff to exceed the permissible amount of interrogatories. Defendant further objected to this Interrogatory insofar as it seeks to invade the attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from discovery. Subject to and without waiving her objections, Defendant identified her husband, her attorneys, and her parents. Defendant further directed Plaintiff to documents being produced with her responses.

Defendant's objection that the Interrogatory requires the identification of information that exceeds the applicable time period or scope relevant to this litigation, i.e., one year, fails. While Plaintiff's defamation claim is limited to statements that were published within one year of the filing of Plaintiff's Complaint, Defendant may have conspired to publish the Defamatory Statements

Case 2:19-cv-08534-ES-ESK    Document 63-10    Filed 12/02/20    Page 14 of 40 PageID: 1208

Joel MacMull, et al.
August 6, 2020
Page **11** of **16**

before that time period. Thus, the identities of persons with whom Defendant communicated about Plaintiff about the defamatory statements before the statements at issue were published and the substance of those communications is directly relevant to whether Defendant's statements about Plaintiff are false and defamatory, and to Defendant's knowledge when she made those statements. In addition, Defendant's direction of Plaintiff to documents produced contemporaneously with her responses is insufficient, as the documents Defendant produced do not provide any identifying information for the persons with whom she communicated, nor the dates of those communications. Defendant also did not identify the dates and substance of these communications as requested in the Interrogatory. Finally, Plaintiff requires the contact information for these potential witnesses so her attorneys may contact them for more information or to take their deposition.

Given Defendant's objections as to time, can you please confirm that Defendant has identified all persons with whom she has communicated about Plaintiff since January 1, 2015? If Defendant has limited the identities of persons with whom she has communicated to only those she communicated with in the past year, please provide an amended response. Further, can you please amend Defendant's response to include the approximate dates and substance of these communications, and contact information for the persons Defendant has identified?

**INTERROGATORY NO. 13:** Interrogatory No. 13 asked Defendant to identify anyone with whom she communicated about Plaintiff, including contact information, title and place of employment, dates of communications, and substance of the communications. Defendant objected to the Interrogatory as overly broad, unduly burdensome, not relevant to any party's claims or defenses in the action, and not proportional to the needs of the case because it requires the identification of information that exceeds the applicable time period or scope relevant to this litigation, i.e., one year. Defendant also objected to this Interrogatory on the grounds that it is compound, causing Plaintiff to exceed the permissible amount of interrogatories. Defendant further objected to this Interrogatory insofar as it seeks to invade the attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from discovery. Subject to and without waiving her objections, Defendant identified her husband, her attorneys, and Andrew Chiao Ching Lu. Defendant further directed Plaintiff to documents being produced with her responses.

Defendant's objection that the Interrogatory requires the identification of information that exceeds the applicable time period or scope relevant to this litigation, i.e., one year, fails. While Plaintiff's defamation claim is limited to statements that were published within one year of the filing of Plaintiff's Complaint, Defendant may have conspired to publish the Defamatory Statements before that time period. Thus, the identities of persons with whom Defendant communicated about Plaintiff before the statements at issue were published and the substance of those communications is directly relevant to whether Defendant's statements about Plaintiff are false and defamatory, and to Defendant's knowledge when she made those statements. In addition, Defendant's direction of Plaintiff to documents produced contemporaneously with her responses is insufficient, as the documents Defendant produced do not provide any identifying information for the persons with whom she communicated, nor the dates of those communications. Defendant also did not identify the dates and substance of these communications as requested in the Interrogatory. Finally, Plaintiff requires the contact information for these potential witnesses so her attorneys may contact them for more information or to take their deposition.

Given Defendant's objections as to time, can you please confirm that Defendant has identified all persons with whom she has communicated about Plaintiff since January 1, 2015? If Defendant has limited the identities of persons with whom she has communicated to only those she communicated with in the past year, please provide an amended response. Further, can you

Joel MacMull, et al.
August 6, 2020
Page **12** of **16**

please amend Defendant's response to include the approximate dates and substance of these communications, and contact information for the persons Defendant has identified?

**INTERROGATORY NO. 19:** Interrogatory No. 19 asked Defendant to identify all facts she knew about Plaintiff before this action was filed. Defendant objected to the Interrogatory as overly broad, unduly burdensome, not relevant to any party's claims or defenses in the action, and not proportional to the needs of the case because it requires the identification of information that exceeds the applicable time period or scope relevant to this litigation, i.e., one year. Defendant further objected to this Interrogatory insofar as it seeks to invade the attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from discovery. We find Defendant's objections without merit and her response deficient.

Defendant's objection that the Interrogatory requires the identification of information that exceeds the applicable time period or scope relevant to this litigation, i.e., one year, fails. As discussed above, one of the elements of defamation under New Jersey law is a defendant's knowledge of the truth or falsity of the statements she published. *See Ali v. Woodbridge Twp. Sch. Dist.*, 957 F.3d 174, 182–83 (3d Cir. 2020). Thus, Defendant's knowledge of facts about Plaintiff at any time is relevant to Defendant's negligence or malice in authoring or publishing the Defamatory Statements. In addition, each of the allegedly Defamatory Statements identified in the Complaint is within the one year statute of limitations for defamation, and Defendant cannot limit her response to this Interrogatory to one year from the date she is serving her response, because it has already been over one year since the Complaint was filed.

To the extent that Defendant seeks to invoke any privilege other than the attorney-client privilege for the time period when she was represented by current counsel in this action, please produce a privilege log.

**INTERROGATORY NO. 20:** Interrogatory No. 20 asked Defendant to identify the source of all facts that she knew about Plaintiff before this action was filed. Defendant objected to the Interrogatory as overly broad, unduly burdensome, not relevant to any party's claims or defenses in the action, and not proportional to the needs of the case because it requires the identification of information that exceeds the applicable time period or scope relevant to this litigation, i.e., one year. Defendant further objected to this Interrogatory insofar as it seeks to invade the attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from discovery. We find Defendant's objections without merit and her response deficient.

Defendant's objection that the Interrogatory requires the identification of information that exceeds the applicable time period or scope relevant to this litigation, i.e., one year, fails. As discussed above, one of the elements of defamation under New Jersey law is a defendant's knowledge of the truth or falsity of the statements she published. *See Ali v. Woodbridge Twp. Sch. Dist.*, 957 F.3d 174, 182–83 (3d Cir. 2020). Thus, the source of Defendant's knowledge of facts about Plaintiff at any time is relevant to Defendant's negligence or malice in authoring or publishing the Defamatory Statements. In addition, each of the allegedly Defamatory Statements identified in the Complaint is within the one year statute of limitations for defamation, and Defendant cannot limit her response to this Interrogatory to one year from the date she is serving her response, because it has already been over one year since the Complaint was filed.

Given Defendant's objection as to time, can you please confirm that Defendant has identified all sources of all facts she knew about Plaintiff before this action was filed? To the extent that Defendant seeks to invoke any privilege other than the attorney-client privilege for the time

Joel MacMull, et al.
August 6, 2020
Page **13** of **16**

period when she was represented by current counsel in this action, please produce a privilege log.

3.    **Defendant's Responses to Plaintiff's First Set of Requests for Admission**

    a.    **General Requirements for Responses to Requests for Admission**

        A party's duty of reasonable inquiry in responding to requests for admissions is similar to its duty in answering interrogatories. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. *See Panara v. Hertz Penske Truck Leasing, Inc.*, 122 F.R.D. 14, 17 (E.D. Pa. 1988). Moreover, a denial must fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. *See id.*

    b.    **Deficient Responses to Specific Requests**

**REQUESTS FOR ADMISSION NOS. 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 39, 41, 43, 45, 47, 49, 51, 53, 55, 57, 59, 61, 63, 65, 67, 69, 71, 73, 75, 77, 79, 81, 83, 85, 87, 89, 91, 93, 95, 97, 99, 101, 103, 105, 107, 109, 11, 113, 115, 117, 119, 120:** These Requests asked Defendant to admit that she authored or co-authored the allegedly defamatory statements identified in the Complaint, one by one. In response, Defendant objected to these Requests on the basis that they present a purported "statement" in the abstract that is untethered to any specific record, document, publication, webpage, or other medium that sufficiently identifies the statement to which the Request refers or the date on which it was purportedly made; Defendant further objected that based on the foregoing, the Request violates the requirements of Fed. R. Civ. P. 36(a)(2). Defendant then stated that because she is without sufficient facts to admit or deny the Requests, she denies them. We find Defendant's objections without merit.

        First, Defendant's reliance upon Fed. R. Civ. P. 36(a)(2) is misplaced in this context. Fed. R. Civ. P. 36(a)(2) relates to authenticating the genuineness of a document and states: A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying. However, Plaintiff is not asking Defendant to authenticate a document, i.e., a particular writing made on a particular date and time on a particular website. Rather, Plaintiff is asking Defendant to admit whether she ever, in any medium, at any time, authored the cited statements about Plaintiff. Such information is directly relevant to Plaintiff's claims in this action. Thus, Defendant's response that she lacks sufficient facts to admit or deny the Requests is improper. Defendant must read the cited statements, and then, based upon her knowledge of what statements she has authored about Plaintiff, respond to the Request fully and properly. In order to properly respond, Defendant must state that she has made a reasonable effort to secure information that is readily obtainable from persons and documents within her control, and that after making a reasonable inquiry, the information Defendant knows or can readily obtain is insufficient to enable Defendant to admit or deny the Requests.

        Thus, please provide amended responses to these Requests.

**REQUESTS FOR ADMISSION NOS. 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, 36, 38, 40, 42, 44, 46, 48, 50, 52, 54, 56, 58, 60, 62, 64, 66, 68, 70, 72, 74, 76, 78, 80, 82, 84, 86,**

Joel MacMull, et al.
August 6, 2020
Page **14** of **16**

**88, 90, 92, 94, 96, 98, 100, 102, 104, 106, 108, 110, 112, 114, 116, 118:** These Requests asked Defendant to admit that she published the allegedly defamatory statements identified in the complaint, one by one, and by individual URL. In response, Defendant objected to these Requests on the basis that they present a purported "statement" in the abstract that is untethered to any specific document that sufficiently identifies the statement to which the Request refers or the date on which it was purportedly made; Defendant further objected that based on the foregoing, the Request violates the requirements of Fed. R. Civ. P. 36(a)(2). Defendant then stated that because she is without sufficient facts to admit or deny the Requests, she denies them. We find Defendant's objections without merit.

First, Defendant's reliance upon Fed. R. Civ. P. 36(a)(2) is misplaced in this context. Fed. R. Civ. P. 36(a)(2) relates to authenticating the genuineness of a document and states: A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying. However, Plaintiff is not asking Defendant to authenticate a document. Rather, Plaintiff is asking Defendant to admit whether she published the cited statements about Plaintiff, which are identified by individual URL. Such information is directly relevant to Plaintiff's claims in this action. Thus, Defendant's response that she lacks sufficient facts to admit or deny the Requests is improper. Defendant must read the cited statements at the identified URLs, and then, based upon her knowledge of what statements she has published about Plaintiff, respond to the Request fully and properly. In order to properly respond, Defendant must state that she has made a reasonable effort to secure information that is readily obtainable from persons and documents within her control, and that after making a reasonable inquiry, the information Defendant knows or can readily obtain is insufficient to enable Defendant to admit or deny the Requests.

**REQUEST FOR ADMISSION NO 123:** Request No. 123 asked Defendant to admit that the allegedly Defamatory Statements identified in the Complaint are false. In response, Defendant objected to this Request on the basis that it presents purported "statements" in the abstract that are untethered to any specific document that sufficiently identifies the statement to which the Request refers or the date on which they were purportedly made; Defendant further objected that based on the foregoing, the Request violates the requirements of Fed. R. Civ. P. 36(a)(2). Defendant further objected to the Request as attempting to cover a variety of separate admissions in a single subdivided request, therefore making the Request compound and improper. Defendant also objected on the argument that the statements are those of opinion, not fact, and therefore are incapable of being objectively proven true or false. Defendant then stated that because she is without sufficient facts to admit or deny the Request, she denies it. We find Defendant's objections without merit.

First, Defendant's reliance upon Fed. R. Civ. P. 36(a)(2) is misplaced in this context. Fed. R. Civ. P. 36(a)(2) relates to authenticating the genuineness of a document and states: A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying. However, Plaintiff is not asking Defendant to authenticate a document, i.e., a particular writing made on a particular date and time on a particular website. Rather, Plaintiff is asking Defendant to admit that the statements identified in the Complaint are false. Thus, Defendant's response that she lacks sufficient facts to admit or deny the Requests is improper. Defendant must read the cited statements, and then, based upon her knowledge of what facts she knows about Plaintiff, respond to the Request fully and properly. In order to properly respond, Defendant must state that she has made a reasonable effort to secure information that is readily obtainable from persons and documents within her control, and that after making a reasonable inquiry, the information

Case 2:19-cv-08534-ES-ESK    Document 63-10    Filed 12/02/20    Page 18 of 40 PageID: 1212
Joel MacMull, et al.
August 6, 2020
Page **15** of **16**

Defendant knows or can readily obtain is insufficient to enable Defendant to admit or deny the Requests.

Thus, please provide amended responses to these Requests, or clarify whether Defendant is claiming that every single one of the allegedly defamatory statements identified in the Complaint is incapable of being proved false.

**REQUEST FOR ADMISSION NO 124:** Request No.124 asked Defendant to admit that the allegedly Defamatory Statements identified in the Complaint were false when they were published. In response, Defendant objected to this Request on the basis that it presents purported "statements" in the abstract that are untethered to any specific document that sufficiently identifies the statement to which the Request refers or the date on which they were purportedly made; Defendant further objected that based on the foregoing, the Request violates the requirements of Fed. R. Civ. P. 36(a)(2). Defendant further objected to the Request as attempting to cover a variety of separate admissions in a single subdivided request, therefore making the Request compound and improper. Defendant also objected on the argument that the statements are those of opinion, not fact, and therefore are incapable of being objectively proven true or false. Defendant then stated that because she is without sufficient facts to admit or deny the Request, she denies it. We find Defendant's objections without merit.

First, Defendant's reliance upon Fed. R. Civ. P. 36(a)(2) is misplaced in this context. Fed. R. Civ. P. 36(a)(2) relates to authenticating the genuineness of a document and states: A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying. However, Plaintiff is not asking Defendant to authenticate a document, i.e., a particular writing made on a particular date and time on a particular website. Rather, Plaintiff is asking Defendant to admit that the statements identified in the Complaint were false at the time they were published. Thus, Defendant's response that she lacks sufficient facts to admit or deny the Requests is improper. Defendant must read the cited statements, and then, based upon her knowledge of what facts she knew about Plaintiff when the statements were published, respond to the Request fully and properly. In order to properly respond, Defendant must state that she has made a reasonable effort to secure information that is readily obtainable from persons and documents within her control, and that after making a reasonable inquiry, the information Defendant knows or can readily obtain is insufficient to enable Defendant to admit or deny the Requests.

Thus, please provide amended responses to these Requests, or clarify whether Defendant is claiming that every single one of the allegedly defamatory statements identified in the Complaint was incapable of being proved false when it was published.

4.    **Privilege Log**

When a party withholds information by claiming that it is privileged, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. *See* Fed. R. Civ. P. 26(b)(5); *SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 475 (E.D. Pa. 2005). Please produce a log detailing any documents Defendant has withheld on the basis of privilege or please certify that Defendant has not withheld any such documents.

//

Joel MacMull, et al.
August 6, 2020
Page **16** of **16**

**5.      Deficiencies in Defendant's Production of Documents**

Under Rule 34, a party must produce documents in a form or forms in which they are ordinarily maintained. Fed. R. Civ. P. 34(b)(E)(ii)**.** Substituting the requested documents with a redacted document production does not "adequately capture the responsive" documents a responding party is obligated to disclose. Thus, as the party refusing to provide discovery Defendant must demonstrate how the redacted information is not relevant. *Scranton Prod., Inc. v. Bobrick Washroom Equip., Inc.*, 190 F. Supp. 3d 419, 436 (M.D. Pa. 2016). The party objecting to discovery must show that the requested materials do not fall within the broad scope of relevance or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *See McBride v. Infinity Prop. & Cas. Corp.*, No. 3:13–CV–1737, 2014 WL 1218912, at *2 (M.D. Pa. Mar. 24, 2014).

Defendant produced as documents Bates-labeled LIN017—019 screenshots of what appear to be text message conversations between Defendant and someone else about Plaintiff/this lawsuit. However, these text message conversations are incomplete, disallowing the Plaintiff of the ability to: 1) discern with whom these text message conversations occurred, and 2) the context of the full conversation. Please produce complete versions of these text message conversations.

Moreover, Defendant has only produced one of the emails at issue, though she presumably has or had both emails in her admitted Gmail account.

Based on the above, please produce the complete and unredacted versions of the documents in their ordinarily maintained format pursuant to Rule 34.

We look forward to discussing these issues with you at your convenience. I can be reached at (415) 955-1155, ext. 112, or jeff@KRInternetLaw.com.

Respectfully,

KRONENBERGER ROSENFELD, LLP

Jeffrey M. Rosenfeld

## Joel G. MacMull

| | |
|---|---|
| **From:** | Joel G. MacMull |
| **Sent:** | Friday, August 21, 2020 4:56 PM |
| **To:** | Leah Vulic; Arla D. Cahill; Brian M. Block |
| **Cc:** | Jeff Rosenfeld; Iyah Turminini; James T. Prusinowski; Kamilah Massaquoi |
| **Subject:** | RE: Yang v. Lin, No. 2:19-cv-08534-ES-ESK - Meet-and-Confer re. Discovery Issues |

All,

I have now reviewed your letter dated August 6, 2020 outlining the purported deficiencies with defendant's discovery responses and production.

Without waiving any defendants' objections to your letter, not the least of which include the inordinate delay in bringing these purported deficiencies to our attention two months after the fact, I think it would be most beneficial for us to try and work through some of this over the phone.

I will be in California through Wednesday of next week. Accordingly, I propose we speak on Friday next week, with the hope that by then I will have been able to communicate with my client regarding some of the amendments you desire.

Thanks!


**Joel G. MacMull |** Partner
Chair, Intellectual Property and Brand Management Practice Group
(973) 295-3652

Mandelbaum Salsburg P.C.
3 Becker Farm Road
Roseland, NJ 07068

**From:** Joel G. MacMull <jmacmull@lawfirm.ms>
**Sent:** Thursday, August 13, 2020 1:30 PM
**To:** Leah Vulic <leah@krinternetlaw.com>; Arla D. Cahill <acahill@lawfirm.ms>; Brian M. Block <bblock@lawfirm.ms>
**Cc:** Jeff Rosenfeld <jeff@krinternetlaw.com>; Iyah Turminini <iyah@krinternetlaw.com>; James T. Prusinowski <jprusinowski@trimprulaw.com>; Kamilah Massaquoi <kmassaquoi@trimprulaw.com>
**Subject:** RE: Yang v. Lin, No. 2:19-cv-08534-ES-ESK - Meet-and-Confer re. Discovery Issues

Counsel,

I am in receipt of your letter from last Thursday. Needless to say, your request that our office provide amended responses and documents by today is not going to happen. As you know, I was on vacation last week.
I will endeavor to provide a more substantive response to your letter next week.


**Joel G. MacMull |** Partner
Chair, Intellectual Property and Brand Management Practice Group
(973) 295-3652
jmacmull@lawfirm.ms

Mandelbaum Salsburg P.C.
3 Becker Farm Road
Roseland, NJ 07068

*This email and any attachments are intended solely for the recipient to whom it is addressed. It may also be an attorney-client communication, and as such is privileged and confidential. Any unauthorized review, use, disclosure or copying of this message is strictly prohibited. If you are not the intended recipient or have received this email in error, delete it immediately and notify the sender.*

**From:** Leah Vulic <leah@krinternetlaw.com>
**Sent:** Thursday, August 6, 2020 6:30 PM
**To:** Joel G. MacMull <jmacmull@lawfirm.ms>; Arla D. Cahill <acahill@lawfirm.ms>; Brian M. Block <BBlock@lawfirm.ms>
**Cc:** Jeff Rosenfeld <jeff@krinternetlaw.com>; Iyah Turminini <Iyah@krinternetlaw.com>; James T. Prusinowski <jprusinowski@trimprulaw.com>; Kamilah Massaquoi <kmassaquoi@trimprulaw.com>
**Subject:** Yang v. Lin, No. 2:19-cv-08534-ES-ESK - Meet-and-Confer re. Discovery Issues

[EXTERNAL]
Dear Counsel,

Please see the attached correspondence from attorney Jeff Rosenfeld regarding the above-referenced matter. If you have any difficulty accessing the attachment, please do not hesitate to contact me.

Best regards,
Leah

_____

## Leah Vulić

**SENIOR PARALEGAL**

**KRONENBERGER ROSENFELD, LLP**

150 Post Street, Ste 520 San Francisco, CA 94108
**Phone:** (415) 955-1155 Ext. 121

**leah@krinternetlaw.com**
**https://link.edgepilot.com/s/372eae4a/HuEsOAcX1USzVj2q_7EH_g?u=http://www.krinternetlaw.com/**



Follow us



NOTICE: This email may contain material that is privileged, confidential, and/or attorney-client work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express written permission is strictly prohibited. If you are not the intended recipient, please contact the sender at the above number and delete all copies. Inadvertent waiver shall waive no privileges.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein (the foregoing paragraph has been affixed pursuant to U.S. Treasury Regulations governing tax practice).

Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will NOT be able to proceed to the destination. If suspicious content is detected, you will see a warning.

EXHIBIT C

## Joel G. MacMull

| | |
|---|---|
| **From:** | Joel G. MacMull |
| **Sent:** | Tuesday, October 20, 2020 12:44 PM |
| **To:** | Jeff Rosenfeld |
| **Cc:** | James T. Prusinowski (jprusinowski@trimprulaw.com); Leah Vulic; Iyah Turminini; Arla D. Cahill; Alexa Tierney; Brian M. Block |
| **Subject:** | RE: Yang v. Lin |
| **Attachments:** | Peony Lin Production 2.zip |

Jeff,

The supplemental production I referred to last evening is attached here.

**Joel G. MacMull** | Partner
Chair, Intellectual Property and Brand Management Practice
(973) 295-3652

Mandelbaum Salsburg P.C.
3 Becker Farm Road
Roseland, NJ 07068

**From:** Joel G. MacMull <jmacmull@lawfirm.ms>
**Sent:** Monday, October 19, 2020 7:49 PM
**To:** Jeff Rosenfeld <jeff@krinternetlaw.com>
**Cc:** James T. Prusinowski (jprusinowski@trimprulaw.com) <jprusinowski@trimprulaw.com>; Leah Vulic <leah@krinternetlaw.com>; Iyah Turminini <iyah@krinternetlaw.com>; Arla D. Cahill <acahill@lawfirm.ms>; Alexa Tierney <atierney@lawfirm.ms>
**Subject:** Yang v. Lin
**Importance:** High

Jeff,

Enclosed here are defendant Lin's amended responses to your first set of interrogatories and requests for production. A small supplemental production will follow shortly, i.e., tomorrow. I appreciate your patience with this.

I also reiterate my requests from last Friday as they related to plaintiff's supplemental production, a copy of which is attached here too. If necessary, please identify a time in the next day or so when we can meet and confer about this. Thanks!

**Joel G. MacMull** | Partner
Chair, Intellectual Property and Brand Management Practice
(973) 295-3652
jmacmull@lawfirm.ms

Mandelbaum Salsburg P.C.
3 Becker Farm Road
Roseland, NJ 07068

*This email and any attachments are intended solely for the recipient to whom it is addressed. It may also be an attorney-client communication, and as such is privileged and confidential. Any unauthorized review, use, disclosure or copying of this message is strictly prohibited. If you are not the intended recipient or have received this email in error, delete it immediately and notify the sender.*

## Joel G. MacMull

| | |
|---|---|
| **From:** | Joel G. MacMull |
| **Sent:** | Friday, October 16, 2020 12:43 PM |
| **To:** | Iyah Turminini |
| **Cc:** | Leah Vulic; Jeff Rosenfeld; Karl Kronenberger; Ruben Peña; Brian M. Block; Arla D. Cahill; Alexa Tierney |
| **Subject:** | RE: Yang, Tzuhsin v. Lin, Peony, et al., Civil Action No. 2:19-cv-08534-ES-MAH: Plaintiff's Second Amended & Supplemental Objections and Responses to Defendant's First Set Discovery Requests; Suppl. Document Production Bates-Labeled YANG024995-YANG029117 |
| **Attachments:** | YANG029025.pdf; YANG029086.pdf; YANG029074.pdf; YANG029117.pdf |
| **Importance:** | High |

All,

We're in the process of reviewing your supplemental production. Most of it, as I was told last week, appears to be from your client's social media profiles. In reviewing some of these records, we're at lost to understand your designation of these documents as "Confidential." Exemplars, which precipitates our inquiry, are enclosed here.

Additionally, many of the documents from Ms. Yang's social media profiles, if not all of them, fail to indicate (i) the source of the document; and (ii) the date(s) that text or photos were posted to her various profiles. Of course, for reasons we've already discussed at length, the identification of these sources and dates are integral to our defenses. Knowing what I know about social media, and having myself been forced to produce it over the years, it seems you have downloaded your client's social media profiles without the use of third-party software or a vendor's assistance. Please confirm. In any event, and regardless of your response, please let's set aside some time early next week to discuss these deficiencies.

Finally, we ask that you identify for us by Bates' range those documents plaintiff was ordered to produce which relate to her medical records (both physical and psychiatric records) . So far, we've only been able to identify a single document – Yang029117.

The foregoing is without waiver of our right to identify further deficiencies with your client's supplemental production upon a more fulsome review and/or discussion with you. Thanks.

**Joel G. MacMull** | Partner
Chair, Intellectual Property and Brand Management Practice Group
(973) 295-3652
jmacmull@lawfirm.ms

Mandelbaum Salsburg P.C.
3 Becker Farm Road
Roseland, NJ 07068

*This email and any attachments are intended solely for the recipient to whom it is addressed. It may also be an attorney-client communication, and as such is privileged and confidential. Any unauthorized review, use, disclosure or copying of this message is strictly prohibited. If you are not the intended recipient or have received this email in error, delete it immediately and notify the sender.*

**From:** Iyah Turminini <Iyah@krinternetlaw.com>
**Sent:** Monday, October 12, 2020 8:06 PM
**To:** Joel G. MacMull <jmacmull@lawfirm.ms>
**Cc:** Leah Vulic <leah@krinternetlaw.com>; Jeff Rosenfeld <jeff@krinternetlaw.com>; Karl Kronenberger <karl@krinternetlaw.com>; Ruben Peña <ruben@krinternetlaw.com>; Brian M. Block <bblock@lawfirm.ms>; Arla D. Cahill <acahill@lawfirm.ms>
**Subject:** Yang, Tzuhsin v. Lin, Peony, et al., Civil Action No. 2:19-cv-08534-ES-MAH: Plaintiff's Second Amended & Supplemental Objections and Responses to Defendant's First Set Discovery Requests; Suppl. Document Production Bates-Labeled YANG024995-YANG029117

[EXTERNAL]

Dear Counsel:

Attached via this ShareFile link please find the following documents:

- Plaintiff's Second Amended and Supplemental Responses to Defendant's First Set of Requests for Production;
- Plaintiff's Second Amended and Supplemental Responses to Defendant's First Set of Interrogatories;
- Supplemental Verification of Plaintiff Tzuhsin Yang A/K/A Christine Yang;
- Plaintiff's supplemental document production Bates-numberedYANG024995-YANG029117;
- Corresponding Enclosure Letter; and
- Corresponding Proof of Service.

Please note that Plaintiff's supplemental production contains documents that have been marked as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY under the Protective Order. If you have any difficulty accessing the attachments, please do not hesitate to let me know.

Best,
Iyah

# Iyah Turminini

**PARALEGAL**

**KRONENBERGER ROSENFELD, LLP**

150 Post Street, Ste. 520

San Francisco, CA 94108
**Phone:** (415) 955-1155, ext. 115

[iyah@krinternetlaw.com](mailto:iyah@krinternetlaw.com)

https://link.edgepilot.com/s/c97b40e1/CSOMCOe5uEiEsR0NtFZHXQ?u=http://www.krinternetlaw.com/



Follow us

 

NOTICE: This email may contain material that is privileged, confidential, and/or attorney-client work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express written permission is strictly prohibited.  If you are not the intended recipient, please contact the sender at the above number and delete all copies.  Inadvertent waiver shall waive no privileges.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein (the foregoing paragraph has been affixed pursuant to U.S. Treasury Regulations governing tax practice).

Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will NOT be able to proceed to the destination. If suspicious content is detected, you will see a warning.



YANG029025



YANG029086



YANG029074

EXHIBIT E

**Joel G. MacMull**

| | |
|---|---|
| **From:** | Joel G. MacMull |
| **Sent:** | Thursday, November 5, 2020 12:17 PM |
| **To:** | Jeff Rosenfeld |
| **Cc:** | Leah Vulic; Iyah Turminini |
| **Subject:** | RE: Yang v. Lin: Follow-Up to Discussion |

Okay, on the assumption that you're not going to give me access to Ms. Yang's accounts  to perform the screenshots ourselves (please confirm), I intend to bake this issue into my response portion to your letter to the Magistrate Judge.
More soon.

**From:** Jeff Rosenfeld <jeff@krinternetlaw.com>
**Sent:** Thursday, November 5, 2020 11:32 AM
**To:** Joel G. MacMull <jmacmull@lawfirm.ms>
**Cc:** Leah Vulic <leah@krinternetlaw.com>; Iyah Turminini <Iyah@krinternetlaw.com>
**Subject:** RE: Yang v. Lin: Follow-Up to Discussion

[EXTERNAL]
Joel,

Ms. Yang is not prepared to provide screenshots of her social media profile, and in fact, such a screenshots would not be possible/practicable given the length of several of the feeds.

-Jeff

**From:** Joel G. MacMull <jmacmull@lawfirm.ms>
**Sent:** Thursday, November 05, 2020 7:10 AM
**To:** Jeff Rosenfeld <jeff@krinternetlaw.com>
**Cc:** Leah Vulic <leah@krinternetlaw.com>; Iyah Turminini <Iyah@krinternetlaw.com>
**Subject:** Re: Yang v. Lin: Follow-Up to Discussion

Jeff,

I need to know by tomorrow at the latest whether your client will provide me screenshots of the her social media profiles. Thanks.

**Joel G. MacMull** | Partner
Chair, Intellectual Property and Brand Management Practice
(973) 295-3652
jmacmull@lawfirm.ms

Mandelbaum Salsburg P.C.
3 Becker Farm Road
Roseland, NJ 07068

*This email and any attachments are intended solely for the recipient to whom it is addressed. It may also be an attorney-client communication, and as such is privileged and confidential. Any unauthorized review, use, disclosure or copying of this message is strictly prohibited. If you are not the intended recipient or have received this email in error, delete it immediately and notify the sender.*

On Oct 21, 2020, at 6:45 PM, Jeff Rosenfeld <jeff@krinternetlaw.com> wrote:

[EXTERNAL]
Joel,

Thanks for taking the time to chat today. Here is a roundup of some of the topics we discussed.

1.  Medical Records – As I mentioned, we have produced the complete set of responsive medical records that are in Christine Yang's possession and that we received in response to our formal requests to Christine's physicians as YANG029088-YANG029177. YANG029088-YANG029010 comprise documents received from Dr. Yang (psychiatrist). YANG029011-YANG029117 comprise documents received from Dr. Yeh.

2.  Social Media Profiles – As I mentioned, our production included the following social media documents: 1) posts (which include dates, text, and links to images); 2) separate files comprising the images; and 3) a load file. Because the images were renamed with Bates-numbers, you or your vendor would need to refer to the load file to associate a post with a linked image. I have attached an example of a post (YANG025007.html), a load file (VOLUME5.csv), and a linked image (YANG026544). If you open YANG025007.html, the first post is titled "Dubai Four Seasons Hotel 2018" and links to the image file named: "43496377_10214614042759343_3000386018940551168_o_10214614042679341.jpg." If you search for that file name in VOLUME5.csv (appearing on row 861), you will see that the corresponding Bates-number for the image file is YANG026544, which has been produced natively and as a PDF. An e-discovery vendor can employ a macro to change the file paths to directly link to the images if that would assist your review. Relatedly, I said that I would speak with my client about whether she is willing to produce screenshots of their social media feeds.

3.  Confidentiality Designation – While Plaintiff maintains her confidentiality designations under the Protective Order, we will agree that you may file Plaintiff's social media documents in the public record (YANG024995-YANG029087).

-Jeff

_____

# Jeffrey M. Rosenfeld

**PARTNER**

**KRONENBERGER ROSENFELD, LLP**

150 Post Street, Ste 520 San Francisco, CA 94108
**Phone:** (415) 955-1155 Ext. 112

**Get vCard   LinkedIn   jeff@krinternetlaw.com**
**https://link.edgepilot.com/s/0bd0a519/nkvPF2neeUO0XcHIMKLEug?u=http://www.krinternetlaw.com/**


<image007.png>

Follow us

<image008.png>

<image009.png>

NOTICE: This email may contain material that is privileged, confidential, and/or attorney-client work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express written permission is strictly prohibited.  If you are not the intended recipient, please contact the sender at the above number and delete all copies.  Inadvertent waiver shall waive no privileges.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein (the foregoing paragraph has been affixed pursuant to U.S. Treasury Regulations governing tax practice).


Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will NOT be able to proceed to the destination. If suspicious content is detected, you will see a warning.
<YANG026544.jpg>
<YANG025007.html>
<VOLUME5.csv>


Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will NOT be able to proceed to the destination. If suspicious content is detected, you will see a warning. Call the Helpdesk at Ext 1000 if needed.

EXHIBIT F

## Joel G. MacMull

| | |
|---|---|
| **From:** | Joel G. MacMull |
| **Sent:** | Friday, November 13, 2020 4:35 PM |
| **To:** | Jeff Rosenfeld |
| **Cc:** | Leah Vulic; Iyah Turminini; Alexa Tierney; Arla D. Cahill |
| **Subject:** | RE: Yang v. Lin: Follow-Up to Discussion |
| **Attachments:** | 4815-2832-9170 2 MacMull to Yang - 2d RFP 13 Nov 20.pdf; 4819-5791-9186 1 ESI Protocol for  CY Re FB and IG.docx |

Jeff,

Further to our discussion yesterday, I am enclosing the following:

1.) Defendant Lin's Second RFP; and
2.) A proposed ESI protocol for the discovery of your client's FB and IG social media accounts. (It admittedly needs some work, but the concepts are there I think.)

For reasons we can discuss, I am again asking that you ask your client to work with us in gathering her social media data in a usable form. As you'll see from the attached protocol, we are prepared to provide your firm with a "first look review" before I ever get the production. I'm hoping with this we can assuage whatever legitimate privacy concerns your client may have.

I'm in my office for another hour or so, if you'd like to speak.  Thanks.

---

**From:** Joel G. MacMull
**Sent:** Thursday, November 12, 2020 10:49 AM
**To:** Jeff Rosenfeld <jeff@krinternetlaw.com>
**Cc:** Leah Vulic <leah@krinternetlaw.com>; Iyah Turminini <Iyah@krinternetlaw.com>; Alexa Tierney <atierney@lawfirm.ms>
**Subject:** RE: Yang v. Lin: Follow-Up to Discussion
**Importance:** High

Thank you, but I note that the ranges below do not include the exhibits from Eliot Kim's deposition in January. Can you please send these to me ASAP? Thanks.

---

**From:** Jeff Rosenfeld <jeff@krinternetlaw.com>
**Sent:** Wednesday, November 11, 2020 2:47 PM

**AGREEMENT REGARDING FORENSIC PROTOCOLS**

IT IS HEREBY AGREED by and among _____ ("the parties") through their respective counsel, that the protocol for the collection and examination of digital evidence will be as follows:

(1) This protocol shall be applicable to and govern information provided to Carden Rose, Inc. ("CR").

(2) Plaintiff, Christine Yang shall provide the login credentials (the "credentials") and any verification codes necessary to access the following online social media accounts: _____ The password may be changed prior to disclosure and resumed after the tasks are complete, to allow for a preview and collection of the contents.

(3) All records and documents that are designated as subject to this proposed protocol shall be used only for the purposes of this action and not for any other purpose whatsoever. Except upon express written consent of the parties or their counsel, or as expressly provided herein, the records furnished pursuant to this proposed protocol shall not be given, shown, made available, disclosed, or communicated in any way to any person other than the parties' Counsel.

(4) CR will collect the accounts' data using digital forensic tools and process.

(5) CR shall maintain that information in a secure and safe area and shall exercise the highest standard and care with respect to the storage, custody, use and/or dissemination of the aforesaid documents.

(6) CR will submit the data collection first to plaintiff's counsel, who will have seven (7) business days to identify any record(s) they assert in good faith contain non-responsive or privileged information.

(7) CR shall sign Exhibit A prior to completing any collections hereunder.

(9) None of the parties hereto waives any rights or remedies it may have, in respect of the subject matter of this Agreement, and all such rights are expressly reserved.


Dated: November____, 2020


By: _____

Name:

Title:

4819-5791-9186, v. 1

By: _____

Name:

Title:


_____
EXHIBIT A


ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I hereby certify my understanding that documents and information is being provided to me pursuant to the terms and restrictions of the proposed protocol. I have been given a copy of the proposed protocol and have read it. I agree to comply with and be bound by the proposed protocol and understand and acknowledge that failure to so comply could expose me to potential legal action. I will not reveal to anyone or otherwise use in any fashion any information or item that is subject to the proposed protocol, except in strict compliance with the provisions of the proposed protocol.


Name of entity: _____


Name of Signatory: _____


Title: _____


Date: _____

## Joel G. MacMull

| | |
|---|---|
| **From:** | Joel G. MacMull |
| **Sent:** | Friday, November 20, 2020 4:55 PM |
| **To:** | Jeff Rosenfeld |
| **Cc:** | Leah Vulic; Iyah Turminini; Arla D. Cahill |
| **Subject:** | RE: Yang v. Lin: Follow-Up to Discussion |

Well, needless to say, we disagree. The costs attendant to your review of the documents, particularly, given that you brought this case is not a valid basis to withhold  production. This is all the more so given the various options I've given you, each of which you've rejected. Nevertheless, we'll litigate the issue. Relatedly, and in view of your refusal, I cannot commit to a date for the deposition of plaintiff until this matter is resolved by the Court. These documents are simply too integral to our defenses to not have them prior to deposing plaintiff.

**From:** Jeff Rosenfeld <jeff@krinternetlaw.com>
**Sent:** Friday, November 20, 2020 12:04 PM
**To:** Joel G. MacMull <jmacmull@lawfirm.ms>
**Cc:** Leah Vulic <leah@krinternetlaw.com>; Iyah Turminini <Iyah@krinternetlaw.com>
**Subject:** RE: Yang v. Lin: Follow-Up to Discussion

[EXTERNAL]
Plaintiff's position is that she has fully complied with Rule 34, and your proposal would require Plaintiff to incur substantial costs in re-reviewing over 4,000 documents.

**From:** Joel G. MacMull <jmacmull@lawfirm.ms>
**Sent:** Friday, November 20, 2020 8:53 AM
**To:** Jeff Rosenfeld <jeff@krinternetlaw.com>
**Cc:** Leah Vulic <leah@krinternetlaw.com>; Iyah Turminini <Iyah@krinternetlaw.com>
**Subject:** RE: Yang v. Lin: Follow-Up to Discussion

Oh, and for purposes of laying it out for the Magistrate Judge, can I please know why? Again, my proposal – and I believe critically – provides plaintiff with a "first look."

**Joel G. MacMull |** Partner
Chair, Intellectual Property and Brand Management Practice
(973) 295-3652

Mandelbaum Salsburg P.C.
3 Becker Farm Road
Roseland, NJ 07068

---

**From:** Joel G. MacMull
**Sent:** Friday, November 20, 2020 11:52 AM
**To:** Jeff Rosenfeld <jeff@krinternetlaw.com>
**Cc:** Leah Vulic <leah@krinternetlaw.com>; Iyah Turminini <Iyah@krinternetlaw.com>
**Subject:** RE: Yang v. Lin: Follow-Up to Discussion

Okay, well, with that in mind, I shall try to provide you with our response this afternoon.

---

**From:** Jeff Rosenfeld <jeff@krinternetlaw.com>
**Sent:** Friday, November 20, 2020 11:50 AM
**To:** Joel G. MacMull <jmacmull@lawfirm.ms>
**Cc:** Leah Vulic <leah@krinternetlaw.com>; Iyah Turminini <Iyah@krinternetlaw.com>
**Subject:** RE: Yang v. Lin: Follow-Up to Discussion

[EXTERNAL]
Joel,

We cannot agree with your proposal sent last week.

-Jeff

---

**From:** Joel G. MacMull <jmacmull@lawfirm.ms>
**Sent:** Friday, November 20, 2020 8:46 AM
**To:** Jeff Rosenfeld <jeff@krinternetlaw.com>
**Cc:** Leah Vulic <leah@krinternetlaw.com>; Iyah Turminini <Iyah@krinternetlaw.com>
**Subject:** RE: Yang v. Lin: Follow-Up to Discussion

Sorry, Jeff. I have been waiting to hear from you as to whether, in light of my proposed protocol, you were going to agree to provide my client with a usable download of your client's social media profiles. As we discussed, in the absence of your agreement, I need to bake into our letter defendant's affirmative request for relief. Let me know.

**Joel G. MacMull |** Partner
Chair, Intellectual Property and Brand Management Practice
(973) 295-3652

Mandelbaum Salsburg P.C.
3 Becker Farm Road
Roseland, NJ 07068

---

**From:** Jeff Rosenfeld <jeff@krinternetlaw.com>
**Sent:** Friday, November 20, 2020 11:31 AM
**To:** Joel G. MacMull <jmacmull@lawfirm.ms>
**Cc:** Leah Vulic <leah@krinternetlaw.com>; Iyah Turminini <Iyah@krinternetlaw.com>
**Subject:** RE: Yang v. Lin: Follow-Up to Discussion

[EXTERNAL]
Hi Joel,

Do you know when we can expect your portion of the joint letter to the Court?

Thanks,
Jeff

---

**From:** Joel G. MacMull <jmacmull@lawfirm.ms>
**Sent:** Monday, November 16, 2020 4:33 PM
**To:** Jeff Rosenfeld <jeff@krinternetlaw.com>
**Cc:** Leah Vulic <leah@krinternetlaw.com>; Iyah Turminini <Iyah@krinternetlaw.com>
**Subject:** RE: Yang v. Lin: Follow-Up to Discussion

My comments are below in red

**Joel G. MacMull |** Partner
Chair, Intellectual Property and Brand Management Practice
(973) 295-3652

Mandelbaum Salsburg P.C.
3 Becker Farm Road
Roseland, NJ 07068