

**Joel G. MacMull, Member**
*Admitted to the New York Bar*

jmacmull@lawfirm.ms
973.295.3652 Direct

New Jersey ● New York ● Florida

3 Becker Farm Road
Roseland, New Jersey 07068
973.736.4600 Main
973.325.7467 Fax

1270 Avenue of the Americas, Suite 1808
New York, New York 10020
212.776.1834 Main
www.lawfirm.ms

April 6, 2021

**VIA ECF**

Hon. Edward S. Kiel, U.S.M.J.
United States District Court, District Of New Jersey
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, New Jersey 07102

      Re:    *Yang v. Peony Lin et al.*
               **Case No. 19-cv-8534 (ES) (MAH)**

Dear Magistrate Judge Kiel:

      We represent defendant Peony Lin ("defendant" or "Lin") in the above-captioned matter. We write to the Court now, with the consent of plaintiff, to request a further extension of time — until May 21, 2021 — to depose plaintiff for the reasons set forth below.

      On February 7, 2021, the Court issued an opinion wherein it granted that portion of defendant's application seeking the re-production of plaintiff's social media accounts (the "Order"). (ECF No. 72 at 7-10.) The Order provided that plaintiff could elect to "produce screenshots corresponding to her prior production" or utilize the Forensic Protocol ("Protocol") involving a third-party vendor that defendant had previously offered. (*Id.* at 10.) The parties thereafter conferenced with the Court on February 9, 2021 briefly addressing the Order. (ECF No. 74.)

      On February 10, 2021, plaintiff produced to defendant what it understood was plaintiff's complete production of relevant social media posts. That effort, however, would prove to be unworkable by February 25, 2021, as defendants were not able to download plaintiff's production, despite the parties' repeated attempts in the two weeks prior to resolve the apparent technical difficulties plaguing them. In the alternative, the parties agreed to a Protocol which provided that acquisition of the relevant data would be performed by a third-party vendor. By March 9, 2021 the parties and their vendor had agreed upon the salient terms of the vendor's collection, as well as a date for collection of plaintiff's data, March 11, 2021.



Following the collection of plaintiff's data, it was learned on March 16, 2021 that the data collected from plaintiff's Facebook account appeared to be incomplete. The root of the problem, it seemed, was that the vendor's software tools were being interrupted by Facebook's internal monitoring programs. Put differently, Facebook was denying the vendor's access to plaintiff's account, such that the data could not be collected. The vendor's inability to completely "grab" plaintiff's social media data from Facebook persisted until March 29th, wherein it reported that issues with retrieving plaintiff's Facebook data had been resolved. Plaintiff's counsel, in turn, began reviewing the data on March 30, 2021 and, pursuant to the review period provided by the Protocol, continued to do so until today. At present, defendant remains without plaintiff's Facebook data which we are informed is voluminous but anticipate receiving this production this week.

Pursuant to Fed. R. Civ. P. 6(b)(1)(A), defendants submit good cause exists for the requested extension of time to complete the plaintiff's deposition — the final act of all fact discovery. The delays outlined above are not the fault of either party (nor, frankly, their vendor) and each has worked diligently and cooperatively to resolve the many technical issues that have arisen. Indeed, the parties and their vendor have exchanged well over 50 emails since February 10, 2021 in an effort to comply with the Order.

Accordingly, and with the consent of plaintiff, defendant respectfully request that the present close of fact discovery of April 9, 2021 be further extended until May 21, 2021 for the limited purpose of deposing plaintiff. Naturally, the parties are prepared to further update the Court during their scheduled teleconference on April 22, 2021 at 2:00 p.m.

The Court's continued attention to this matter is appreciated.

Respectfully submitted,

Joel G. MacMull

cc:   All Counsel of Record (*via email and ECF*)

4832-0515-0692, v. 1