```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY


TZUHSIN YANG,              .
                           .
          Plaintiff,       .
                           . Case No. 19-cv-08534
VS.                        .
                           . Newark, New Jersey
PEONY LIN, et al.,         . September 20, 2021
                           .
          Defendants.      .
- - - - - - - - - - - - - - -

             TRANSCRIPT OF HEARING: COURT'S RULING
               BEFORE THE HONORABLE EDWARD S. KIEL
                  UNITED STATES MAGISTRATE JUDGE


APPEARANCES (the parties appeared via teleconference):

For the Plaintiff:         JEFFREY M. ROSENFELD, ESQ.,
                           Blank Rome LLP
                           One Logan Sq
                           Philadelphia, PA 19103
                           (215) 569-5500
                           rosenfeld@BlankRome.com


For the Defendants:        JOEL G. MACMULL, ESQ.,
                           Mandelbaum Salsburg, P.C.
                           3 Becker Farm Road
                           Suite 105
                           Roseland, NJ 07068
                           (973) 736-4600
                           jmacmull@lawfirm.ms

Audio Operator:

Transcription Company:     KING TRANSCRIPTION SERVICES
                           3 South Corporate Drive
                           Suite 203
                           Riverdale, NJ 07457
                           (973) 237-6080



Proceedings recorded by electronic sound recording;
transcript produced by transcription service.
```

I N D E X

PROCEEDING                                                PAGE

  Proceeding                                               3

  Court's Ruling                                           4

1    (Commencement of proceedings)

2

3    THE COURT: -- for the record in the matter of
4    Yang v. Lin, it's 19-cv-08534. If I could have the
5    appearance on behalf of plaintiff please.
6    MR. ROSENFELD: Jeff Rosenfeld on behalf of
7    the plaintiff.
8    THE COURT: And on behalf of defendant.
9    MR. MACMULL: Joel MacMull on behalf of
10    defendant Peony Lin.
11    THE COURT: Okay and I know the plaintiff has
12    his paralegal on the line as well.
13    So, first let me apologize in advance of what
14    will be somewhat of a long recitation, but I wanted to
15    resolve this issue quickly, because I know the case is
16    a little bit old, but also to get it resolved quickly
17    so we can move on to where we're going to go. I think
18    the parties are thinking about -- or at least the
19    defendant is thinking about a dispositive motion. So,
20    I wanted to get this out of the way and put it on the
21    record, rather than writing something up because it can
22    usually be done quicker this way.
23    So, back on March 14, 2019 the complaint was
24    filed in this case alleging one count of defamation.
25    On April 1, 2020 defendant served plaintiff with

1  defendant's first interrogatories.  And on June 5, 2020

2  plaintiff responded to defendant's first set of

3  interrogatories.  On November 6, 2020 defendant was

4  deposed and defendant testified that she was

5  responsible for some of the statements including five

6  -- or at least one statement and additionally five new

7  statements posted on shaming websites, but only one of

8  54 statements that are made in the complaint -- are

9  alleged in the complaint by plaintiff.  And on June 23,

10  2021 plaintiff signaled her intention to serve

11  amendment or supplemental responses to plaintiff

12  interrogatories.  So, that's just a quick time line but

13  I'll get more into it as we go through.

14        I had a settlement conference on August 16th

15  and the discovery dispute that was before the Court on

16  -- in a letter filed on August 5, 2021 was discussed

17  somewhat during that settlement conference, and I very

18  much appreciate the discussion with counsel and the

19  opportunity that -- to clarify the parties' position.

20  And after that discussion I gave my inclination as to

21  the issue.  I told counsel that I was inclined to

22  permit the amendment and after further consideration

23  and reviewing the joint discovery dispute letter again

24  my conclusion has not changed.

25        The facts are very well known to counsel and

1   to the Court, but at base this case is about allegedly

2   defamatory statements posted on shaming websites

3   allegedly by defendant Ms. Lin.  The complaint refers

4   to 54 posts on different shaming websites.  The case

5   has been going on for a long time, it has a 2019 docket

6   number and it's a -- I don't think it's disputed that

7   there has been extensive discovery in this case.

8          On November 6, 2020 Ms. Lin was deposed and

9   during her deposition she testified that she was

10  responsible for only one of the 54 post that were cited

11  in the complaint.  But Ms. -- Ms. Lin also testified

12  that she was responsible for posting five other

13  statements on shaming websites that plaintiff considers

14  to be defamatory, which were previously not cited in

15  plaintiff's complaint.

16         Following her deposition some discovery

17  disputes arose, which I ruled on, and the time for

18  completing discovery was extended a few time times in

19  order to gather certain electronic discovery,

20  particularly from plaintiff's social media accounts.

21  I'm sorry the -- I don't rather know -- recall whether

22  it was plaintiff's social media accounts or defendant's

23  social media accounts.

24         Apparently on June 23, 2021 for the first time

25  plaintiff indicated that she intended serve amended and

1  supplemental responses to plaintiff's initial

2  interrogatories that were served in April of 2020.  So,

3  a  year before -- more than a year before.  The

4  supplemental responses contain the five additional

5  posting that Ms. Lin testified at her deposition in

6  November 2020 but were not cited in the complaint.

7  Defendants believe plaintiff was engaging with what

8  they called "shark practices" defendant's deposition

9  was scheduled the following day.  So, the timing of the

10 supplemental responses appears to be suspect to

11 defendant.  In any event the deposition moved forward

12 and it's my understanding defendant's counsel did not

13 question plaintiff about the -- about any of the five

14 additional postings.

15         Plaintiff conceded the failure to supplement

16 the responses were interrogatories were late, but

17 explained the failure was inadvertent and offered to

18 pay for the expenses related to another day of

19 depositions so plaintiff could be inquired into those

20 additional postings.  Defendant declined the offer and

21 indeed on the second day of the plaintiff's deposition

22 defendant did not inquire about the other five

23 postings.  Defendant argues that plaintiff is flouting

24 the scheduling orders in this case.  That rather than

25 seeking to extend the period of discovery plaintiff

1  merely sent supplemental responses to defendant out of
2  time under the scheduling orders.
3       Plaintiff's counsel says that he simply did
4  not remember that plaintiff had not identified the five
5  additional postings in response to defendant's
6  interrogatories because of the significant passage of
7  time between the time she responded to defendant's
8  interrogatories and defendant's deposition.
9  Plaintiff's counsel didn't try to make up any excuses,
10 he said he simply forgot to supplement until June.
11      Under Rule 26C a party has the obligation to
12 supplement her disclosures in a timely manner.
13 Plaintiff cites to Meyers v. Pennypack Woods Home
14 Ownership Association case at 559 F.2d 894 (3d Cir.
15 1997) for the factors to be considered by a court in
16 determining whether to permit an untimely disclosure.
17 The factors are first the surprise or prejudice to the
18 moving party, second the ability of the moving party to
19 cure any such prejudice, third the extent to which
20 allowing the testimony would disrupt the order and
21 efficiency of trial, fourth the bad faith or
22 unwilfulness in failing to comply with the court's
23 order and fifth the importance of the testimony sought
24 to be excluded.
25      But before these factors are considered, I

must first find that the supplemental disclosures of the five additional postings are untimely. Here, however, it does not appear that plaintiff is arguing that the supplemental disclosure was timely. Rather in referring to the Pennypack factors it appears plaintiff is conceding that the supplemental disclosure was untimely. And I agree that disclosure was untimely.

So then going through each of the Pennypack factors. First, whether there's a -- there's surprise or prejudice to the moving party. I find this factor does not weigh in favor of prohibiting the supplemental disclosure. Defendant was herself aware of what she posted on the shaming websites. Prior to filing this lawsuit it's my understanding that plaintiff did substantial investigation to uncover the identity of the person or persons posting the allegedly defamatory statements. Her investigation, of course, did not stop after the filing of the complaint. That's what the discovery process is in -- is in -- is for, in part. For -- during the discovery process plaintiff discovered through defendant's deposition testimony that defendant has posted five additional defamatory statements. Yes, defendant failed to formally supplemental her interrogatory responses to add these five additional posts, but I don't see how defendant

1    could have been surprised that plaintiff would include

2    these additional five posts as part of her claim when

3    defendant was asked about them at her deposition back

4    in November and conceded she posted them.

5           Second, there's a clear opportunity to cure,

6    although defendant's counsel was provided the

7    supplemental disclosures the day before plaintiff's

8    deposition, plaintiff offered a further opportunity to

9    depose her, with plaintiff paying for the expenses the

10   same.  Therefore, there will be no prejudice to

11   defendant because she can make full inquiry to

12   plaintiff about the additional disclosure and there

13   remains the clear opportunity to cure.  I also know

14   that the parties are not intending to retain experts,

15   so to the extent the supplemental disclosures might

16   have been relevant to the preparation of expert reports

17   there is now no prejudice from the late disclosures for

18   the preparation of expert reports.

19          Third, there is nothing before me to indicate

20   a trial will be any more difficult or the testimony at

21   trial would be disrupted by the supplemental

22   information.  A trial has yet to be scheduled and a

23   final pre-trial conference has yet to be scheduled.

24   Indeed, in preparation for the final pre-trial

25   conference the parties would need to prepare a proposed

1  final pre-trial order that would in part incorporate

2  the parties' claims and defenses.  The plaintiff would

3  have surely made the five supplemental disclosures part

4  of her portion of the pre-trial order.  That process,

5  in this case, is many months away so there is

6  sufficient time to cure any alleged prejudice by the

7  late disclosure which will resolve any potential issues

8  with preparation of the final pre-trial order and the

9  testimony at trial.

10         Fourth, I find no bad faith or willful conduct

11  in failing to comply with the Court's scheduling order

12  and I accept plaintiff's counsel explanation that the

13  supplemental -- that the timing of the supplemental

14  disclosure was merely inadvertent.  Although we all

15  want to be perfect and have perfect memories we are all

16  human and susceptible to forgetting things and I forget

17  things all the time.  And I understand that this may

18  cause a little delay in resolving the case, but I think

19  that this is a just an equitable thing to do. And other

20  than defendant's belief that plaintiff may be engaging

21  "shark tactics" there's nothing before me to indicate

22  that the late disclosure was purposeful or that

23  plaintiff was attempting to gain some tactical

24  advantage as a result.

25         And finally, the information in the

1  supplemental disclosure appears to be of critical

2  importance to plaintiff's claim.  Defendant has

3  admitted to posting only one of the 54 posts citing --

4  cited in the complaint, therefore the supplemental

5  disclosures contain five of the six alleged --

6  allegedly defamatory statements posted by defendant.

7  Therefore, five -- all five factors favor permitting

8  the supplemental disclosure.

9       I'll admit that plaintiff could have filed a

10 motion to amend the complaint to add the additional

11 statements, but defendant conceded she posted, but

12 defendant -- but plaintiff did not do so.  And I

13 appreciate defendant argues -- argument that defamation

14 has to plead -- has to be pleaded with particularity.

15 And that the failure to include the five additional

16 statements would prevent plaintiff from seeking to base

17 a defamation claim on those statements.

18      So, that we don't have any issues for the

19 preparation for the final pre-trial order and what

20 claims will proceed to trial I will grant sua sponte

21 plaintiff needs to file an amended complaint, solely to

22 add the postings that are in the supplemental

23 disclosure.  Generally, the pleadings are to conform to

24 the evidence and permitting leave to file an amended

25 complaint just as to those five supplemental posting

1  will assist in efficient case management and resolution
2  of this matter.  And I will leave it to plaintiff if
3  they want to do that, but I would suggest that
4  plaintiff's counsel do that.
5           So, an order will be entered incorporating
6  that decision and granting -- or I guess denying
7  plaintiff's -- I'm sorry defendant's request to bar the
8  supplemental responses.
9           So, let me see where we're going now with the
10 case.  We have -- and I know the defendant last time in
11 the -- in the supplemental status letter most recently
12 said the defendant would like an opportunity to file an
13 appeal of this decision, maybe, and I guess they would
14 have to discuss that, and I certainly would give the
15 opportunity to do that.
16          But let me ask from the defendant's
17 perspective would this delay the filing of the
18 supplemental -- I'm sorry the motion for summary
19 judgment that the defendant has been contemplating?
20          MR. MACMULL:  I don't think so Your Honor, but
21 that also may be a function of when Your Honor's
22 decision and order is entered.  I have -- I just want
23 to make sure I heard correctly.  Your Honor --
24 notwithstanding the re  -- the -- the summary that you
25 just provided on the record, it is your intention to

1  formalize this in a writing and enter an order on the
2  docket; is that correct?
3         THE COURT:  Yeah, yeah it'll -- yeah and it
4  should be entered today I hope, but probably -- it may
5  be entered tomorrow.  But yeah there will be a formal
6  order incorporating the --
7         MR. MACMULL:  Okay, so then my -- my
8  recollection without looking at the rule under Rule 72
9  is that I have 14 days from -- from that point in which
10 to -- and again I'm just reserving my rights, I'm to
11 saying I'm going to -- but to, you know, raise this
12 issue with the district judge.  Who -- and correct me
13 if I'm wrong Your Honor is still Judge Salas; correct?
14         THE COURT:  It is still Judge Salas.  I
15 believe it is.  It hasn't been transferred with the new
16 district judges who have come in.  Yeah and --
17         MR. MACMULL:  Right.
18         THE COURT:  -- you are correct it's 14 days.
19 So -- and my intention was to inquire plaintiff to file
20 an amended complaint if he wants to within 14 days and
21 then you won't be able to file your -- well why don't
22 we do it in 7 days.  Is -- is that something that you
23 could do in seven days Mr. Rosenfeld?
24         MR. ROSENFELD:  Yes, Your Honor.
25         THE COURT:  Okay, because I don't want to

1  overly complicate the appeal if there's going to be
2  one.
3        MR. MACMULL:  Yeah, because it would run up
4  against -- right --
5        THE COURT:  Exactly.
6        MR. MACMULL:  -- I -- I -- Your Honor's -- I
7  think Your Honor's instinct's correct it would have run
8  up against my clock.
9        THE COURT:  Right.
10       MR. MACMULL:  So, in answer to your question
11 though, assuming for the purposes just of this
12 discussion that there would be, you know, something I
13 would want to put before the district judge, I don't
14 envision the filing of any, you know, review of -- of
15 Your Honor's decision impacting the summary judgment
16 schedule that is set forth in our letter.
17       THE COURT:  Okay great.  So, what I'd like to
18 do and tell me if anybody has any objection, and I'm
19 not sure if Mr. Rosenfeld knows this but back in the
20 day we used to have an Appendix N for dispositive
21 motions where the parties get together, decide on
22 scheduling, put all the papers together and when
23 they're ready they're all filed at one time so they're
24 all within three -- three consecutive docket numbers of
25 each other.  So, it would be a number of --

1       MR. MACMULL:  Yeah, sure we talked about the

2   -- known as the bundling rule.  We talked about this

3   --

4           THE COURT:  Yeah, that's right.  That's right.

5           MR. MACMULL:  -- of course when we had our --

6           THE COURT:  That's right.

7           MR. ROSENFELD:  Yeah, we -- we talked about it

8   last time and I went and had to find an old version of

9   Appendix N.  But I am now generally familiar with it.

10          THE COURT:  Yeah, yeah and it'll be set out in

11  the order that I put out and exactly how to do it, so

12  hopefully there won't be any confusion.

13          So, that's -- that was my intention.  And then

14  the only other thing I was going to do was put it on

15  for a status conference in about 90 days or so to make

16  sure all the filings are in, that the dispositive

17  motion is being filed and that's all put together.  So

18  sometime in late December, early January and that

19  should get us somewhat in line to have this case,

20  hopefully resolved by the three year period.  I'm not

21  sure that that's going to happen.  Because it will

22  become a three  year old case March of 2022.  Yeah, so

23  maybe.

24          MR. MACMULL:  I'm not holding my breath Your

25  Honor.

Hearing: Court's Ruling
19-cv-08534, September 20, 2021
16

1            THE COURT:  Yeah.  Yeah, we're always trying
2    to get things done within the three year period.  So
3    why don't I schedule just a little bit earlier.  Let me
4    schedule a follow up telephone status conference with
5    everybody for December 1st at 2 p.m.  Does that work
6    for everybody?
7            MR. MACMULL:  Your Honor can I -- can I just
8    ask, if you look at the letter we -- we have our filing
9    due on the 3rd.  And I would only ask that if Your
10   Honor's inclination is to have that call before the
11   filing date that we do it maybe the week of
12   Thanksgiving.
13           THE COURT:  Okay, you got --
14           MR. MACMULL:  Only because I could imagine --
15           THE COURT:  Yeah, I can do that.
16           MR. ROSENFELD:  And also, I apologize I'm
17   expecting a birth of a child on November 14th so that
18   should actually -- that should work.  I can take -- I
19   can take a break to jump on the phone, it will be
20   pleasant.
21           THE COURT:  Well, I don't know -- yeah, I
22   don't know if you'll have enough sleep by then.
23           MR. ROSENFELD:  Well, I may be a little
24   delirious in my comments but I'm happy to jump on a
25   call.

1  THE COURT: All right, how about November 22nd
2  then at 2 p.m.?
3  MR. MACMULL: That's fine with me Your Honor.
4  THE COURT: That works for you guys, okay.
5  MR. ROSENFELD: Yes -- Yes, Your Honor.
6  THE COURT: Well, congratulations.
7  MR. ROSENFELD: Well, thank you -- thank you.
8  THE COURT: I just became an empty nester, so
9  I'm 18 years ahead of you.
10 MR. ROSENFELD: Oh. I'm already strangely
11 looking forward to that, but no it's going to -- it's
12 going to be a blessing, so.
13 THE COURT: Yeah it will -- it certainly will.
14 All right well we will circle back November 22nd. If
15 any other issues come up please put a letter on a
16 docket I'd be happy to address it and we'll try to get
17 the order in by tomorrow at the latest.
18 All right, we're off the record.
19 MR. MACMULL: Okay.
20
21           (Conclusion of proceedings)
22
23
24
25

## CERTIFICATION

I, JESSICA ROBINSON, Transcriptionist, do hereby certify that the pages contained herein constitute a full, true, and accurate transcript from the official electronic recording of the proceedings had in the above-entitled matter; that research was performed on the spelling of proper names and utilizing the information provided, but that in many cases the spellings were educated guesses; that the transcript was prepared by me or under my direction and was done to the best of my skill and ability.

I further certify that I am in no way related to any of the parties hereto nor am I in any way interested in the outcome hereof.

*Jessica Robinson*          Date:  09/22/21

Signature of Approved Transcriber          Date
Jessica Robinson, AOC #581

King Transcription Services
3 South Corporate Drive
Suite 203
Riverdale, NJ 07457
(973) 237-6080