# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

TZUHSIN YANG a/k/a
CHRISTINE YANG,

> *Plaintiff,*

v.

PEONY LIN, an individual, and
JANE DOE, an unknown individual,

> *Defendants.*

Civil Action No.

19-cv-8534-ES-ESK

**Motion Return Date:**
November 1, 2021

## DEFENDANT PEONY LIN'S MEMORANDUM OF LAW IN SUPPORT OF HER OBJECTIONS TO THE ORDER ENTERED SEPTEMBER 20, 2019 (ECF NO. 88) REGARDING PLAINTIFF'S UNTIMELY WRITTEN DISCOVERY RESPONSES

Brian M. Block, Esq.
**MANDELBAUM SALSBURG, P.C.**
3 Becker Farm Road
Roseland, New Jersey 07068
Tel. (973) 736-4600
bblock@lawfirm.ms
jmacmull@lawfirm.ms

*Attorneys for Defendant Peony Lin*

*On the Brief*

Joel G. MacMull., Esq., *Admitted Pro Hac Vice*

i

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................... 1

ARGUMENT ................................................................................................... 2

   A.  The Applicable Legal Standard .......................................................... 2

   B.  Having Failed to Comply with the Court's Multiple Scheduling Orders and Failed to Move on a Showing of Good Cause for an Extension of Time Before the Deadline Under Rule 16(b)(4) and Rule 6(b)(1)(a), Plaintiff's Additional Written Discovery Should Have Been Precluded.................................................. 4

   C.  Having Failed to Comply with the Court's Multiple Scheduling Orders and Having File a Motion to Extend After the December 31, 2020 Deadline Under Rule 16(b)(4) and Rule 6(b)(1)(b), Plaintiffs' Additional Written Discovery Should Have Been Precluded............................................................... 10

   D.  Application of the *Meyers v. Pennypack* Factors Does Not Compel a Different Result. ................................................................................... 14

CONCLUSION................................................................................................ 18

i

# TABLE OF AUTHORITIES

## *Cases*

*A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 292 F.R.D. 142 (D.D.C. 2013) 9

*Active Packet, LLC v. Netgen, Inc.,* 2020 WL 9073330 (M.D. Fla. May 12, 2020)....... 8

*Adams v. Trs. of the N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863 (3d Cir. 1994)................................................................................................................. 16

*Buckman v. MCI World Com*, 2007 WL 2320533 (D. Ariz. Aug. 10, 2007) ................ 9

*Doe v. Hartford Life and Accident Ins. Co.,* 2007 WL 1963019 (D.N.J. 2007) ............ 3

*Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.,* 131 F.R.D. 63 (D.N.J. 1990) 3

*Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513 (3d Cir. 1988)..................................... 11

*Edwards v. Horizon Blue Cross Blue Shield of N.J.*, 2016 WL 755473 (D.N.J. Feb. 24, 2016)................................................................................................................. 3

*Espinoza v. Galardi S. Enterprises, Inc.*,  2017 WL 4553451 (S.D. Fla. Oct. 12, 2017) ............................................................................................................................... 8

*Gallas v.  Supreme Court of Pa.*, 211 F.3d 760 (3d Cir. 2000) ..................................... 7

*Globespanvirata, Inc. v. Texas Instruments, Inc.,* 2005 WL 1638136 (D.N.J. Jul. 12, 2005)......................................................................................................... 5, 6, 13

*Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985) ...................................... 14

*Grossbaum v. Genesis Genetics Inst., LLC*, 2010 WL 3943674 (D.N.J. Oct. 6, 2010) . 6

*Gunter v. Ridgewood Energy Corp.,* 32 F. Supp. 2d 162 (D.N.J. 1998) ...................... 3

*Haines v. Liggett Group, Inc.,* 975 F.2d 81 (3d Cir. 1992)........................................... 3

*Hewlett v. Davis,* 844 F.2d 109 (3d Cir. 1988) ........................................................... 6

*Hutchins v. United Parcel Serv., Inc.*,  2005 WL 1793695 (D.N.J. July 26, 2005) ...... 6

*In re Fine Paper Antitrust Litig.*, 685 F.2d 810 (3d Cir. 1982) ................................... 7

ii

*In re TMI Litig.*, 193 F.3d 613 (3d Cir. 1999) ....................................................... 14, 15

*J.G. v. C.M.*, 2014 WL 1652793 (D.N.J. Apr. 23, 2014)......................................... 3, 5, 10

*Kennedy v. Hoegh Autoliners Ship. PTE Ltd.*, 2021 WL 568121 (D.N.J. Feb. 16, 2021)..................................................................................................... 3, 10, 16

*Konopca v. FDS Bank,* 2016 WL 1212952 (D.N.J. Mar. 29, 2016) ............................ 5

*LaNier v. U.S.*, 2017 WL 951040 (S.D. Cal. Mar. 10, 2017)................................... 8, 17

*Leyse v. Bank of America Corp.,* 2019 WL 3780096 (D.N.J. Aug. 12, 2019)............... 6

*Link v. Wabash R. Co.,* 370 U.S. 626 (1962) ................................................................ 9

*Lizarraga v. Buffalo Wild Wings, Inc.*, 2016 WL 1465338 (D. Nev. Apr. 14, 2016).... 9

*Louisiana Counseling and Fam. Services, Inc. v. Mt. Fugi Japanese Rest.*, 2013 WL 1844269 (D.N.J. May 1, 2013)................................................................................. 11

*Lyon v. Chase Bank USA, N.A.*, 2009 WL 3047240 (D. Or. Sept. 22, 2009)............... 9

*Mall Chevrolet, Inc. v. Gen. Motors LLC*, 2021 WL 426193 (D.N.J. Feb. 8, 2021).... 15

*Marlowe Patent Holdings LLC v. Dice Electronics, LLC*, 293 F.R.D. 688 (D.N.J. 2013)........................................................................................................................ 9

*Meyers v. Pennypack,* 559 F.2d 894 (3d. Cir. 1977)..................................... 4, 14, 15

*Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133 (3d Cir. 2000) ......................... 15

*Nowell v. Reilly*, 437 F. App'x 122 (3d Cir. 2011) ...................................................... 6

*Pritchard v. Dow Agro Sciences,* 255 F.R.D. 164 (W.D. Pa. 2009) ............................ 6

*R. M. W. v. Homewood Suites*, 2012 WL 13186031 (D.N.J. June 28, 2012) ............... 4

*Rent-A-Center v. Mamaroneck Ave. Corp.*, 215 F.R.D. 100 (S.D.N.Y. 2003) .............. 5

*Riofrio Anda v. Ralston Purina Co.*, 959 F.2d 1149 (1st Cir. 1992) ........................... 5

*Rosetsky v. Nat'l Bd. of Med. Examiners of U.S., Inc.*, 350 F. App'x 698 (3d Cir. 2009) ..................................................................................................................... 6

iii

*Spring Creek Holding Co. v. Keith,* 2006 WL 2403958 (D.N.J. Aug.18, 2006)............ 6

*Trask v. Olin Corp.,* 298 F.R.D. 244 (W.D. Pa. 2014).................................................. 6

*Trust v. Durst*, 2015 WL 7720481 (D.N.J. Nov 30, 2015) ....................................... 13

*United States v. U.S. Gypsum Co.,* 333 U.S. 364 (1948) .............................................. 3

*Yeoman v. Ikea U.S.A. W., Inc.*, 2013 WL 3467410 (S.D. Cal. July 10, 2013)............. 3

### *Federal Rules of Civil Procedure*

Fed. R. Civ. P. 16(b) Advisory Committee Notes to 1983 Amendments...................... 5

Fed. R. Civ. P. 16(b)(4)........................................................................... 1, 3, 4, 5

Fed. R. Civ. P. 16(f)(1)(C) .................................................................................. 5

Fed. R. Civ. P. 6(b) ...................................................................................... 1, 3

Fed. R. Civ. P. 6(b)(1)(A) .................................................................................. 4

Fed. R. Civ. P. 6(b)(1)(B) ......................................................................... 4, 10, 11

Fed. R. Civ. P. 72 ............................................................................................. 1

Fed. R. Civ. P. 72(a) ......................................................................................... 2

### *Local Rules*

L. Civ. R. 72.1(c)(1) ..................................................................................... 1, 2

4844-0559-7437, v. 1

Defendant Peony Lin ("Defendant" or "Lin"), by and through her undersigned counsel, pursuant to Fed. R. Civ. P. 72 and L. Civ. R. 72.1(c)(1), respectfully submits this memorandum of law in support of her motion objecting to the order of the Hon. Edward S. Kiel, U.S.M.J., entered on September 20, 2021 (ECF No. 88) (hereinafter the "Order"[1]) wherein, *inter alia*, (i) Defendant's request to preclude plaintiff Christine Yang's ("Plaintiff" or "Yang") untimely written discovery responses was denied; and (ii) Plaintiff *sua sponte* was granted leave to amend her Complaint.

## PRELIMINARY STATEMENT

At issue is whether the Plaintiff's purposeful and unilateral disregard of the Court's multiple amended discovery orders, which clearly and unambiguously provided for the close of all fact discovery by December 31, 2020, and the Magistrate Judge's resulting pardoning of Plaintiff's delay and his accompanying grant of the right to replead, should be permitted.

In the Order, the Magistrate Judge made errors in analysis that led to a result that is contrary to the law of this Circuit. In particular, the Magistrate Judge declined to preclude Plaintiff from relying on five additional interrogatory responses that, at a minimum, were untimely by no less than six months. The Magistrate Judge did so, without applying, or, if he did, misapplying the relevant legal standards embodied within Fed. R. Civ. P. ("Rules") 6(b) and 16(b)(4). Compounding his error, and in

---

[1]   Magistrate Judge Kiel incorporated the record of the proceedings into his Order. Accordingly, Defendant in referencing the Order, refers to the both the document entered at ECF No. 88, as well as the transcript of the proceedings from earlier that same day. (A true and correct copy of the transcript as well as the Order are attached to the Declaration of Brian M. Block dated October 4, 2021 ("Block Decl.") as Exhibits A and B, respectively.)

1

recognition of Defendant's argument that claims for defamation *per se* must satisfy a heightened specificity and particularity pleading requirement (ECF No. 83 at 2 n.1), the Magistrate Judge then *sua sponte* granted Plaintiff leave to file an amended complaint. (ECF No. 88).

The Order is objectionable as it (i) contains clear factual errors; (ii) is contrary to applicable law; (iii) contains unsupported assertions suggesting a failure of judicial analysis; and (iv) constitutes an abuse of discretion by the Magistrate Judge. Accordingly, Defendant respectfully objects to the Order and asks this Court to grant a hearing on her objections and provide her with appropriate relief.

## RELEVANT FACTS

Defendant adopts and incorporates by reference all of the facts and exhibits set forth in her underlying submission filed on August 5, 2021, which formed the basis of the Order. (ECF No. 83 *et seq*.)

## SPECIFIC OBJECTIONS TO THE ORDER

1. The Order, without good cause, excuses the untimely service of interrogatory responses by Plaintiff; and

2. The Order, without good cause or other sufficient basis, granted Plaintiff leave to amend her Complaint. (ECF No. 88.)

## ARGUMENT

### A.    The Applicable Legal Standard

A magistrate judge's decision will be overturned when the ruling was clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). A finding is clearly erroneous "when although there is evidence to support it, the

2

reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.,* 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)). A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. *See Gunter v. Ridgewood Energy Corp.,* 32 F. Supp. 2d 162, 164 (D.N.J. 1998). Discovery disputes are governed by a more deferential "abuse of discretion standard." *Edwards v. Horizon Blue Cross Blue Shield of N.J.*, 2016 WL 755473, at *1 (D.N.J. Feb. 24, 2016). Even on such appeals, however, questions of law must be reviewed *de novo. See Doe v. Hartford Life and Accident Ins. Co.,* 2007 WL 1963019, at *2 (D.N.J. 2007) (citing *Haines v. Liggett Group, Inc.,* 975 F.2d 81, 91 (3d Cir. 1992)).

Here, notwithstanding the high degree of deference accorded to the Magistrate Judge concerning his rulings of September 20, 2021, the record before the Court nevertheless demonstrates a clear misapplication of law, of fact, and an abuse of discretion.

Although some courts have applied the excusable neglect standard under Fed. R. Civ. P. 6(b), *see, e.g.*, *Yeoman v. Ikea U.S.A. W., Inc*., 2013 WL 3467410, at *4 (S.D. Cal. July 10, 2013), the great weight of authority in this Court favors application of Fed. R. Civ. P. 16(b)(4), under which a scheduling order "may be modified only for good cause and with the judge's consent." *See, e.g*., *Kennedy v. Hoegh Autoliners Ship. PTE Ltd.*, 2021 WL 568121, at *4 (D.N.J. Feb. 16, 2021); *see also J.G. v. C.M.*, 2014 WL 1652793, at *1 (D.N.J. Apr. 23, 2014) ("Federal Rule of

Civil Procedure 16(b)(4) permits the modification of a scheduling order to reopen discovery for 'good cause.'"); *R. M. W. v. Homewood Suites*, 2012 WL 13186031, at *5, (D.N.J. June 28, 2012) (rejecting excusable neglect standard and applying Rule 16 on motion to reopen discovery).

Nevertheless, in recognition that the standard for determining whether Plaintiff should be permitted to rely on her untimely discovery may be derived from the application of either Fed. R. Civ. P. 16(b)(4) ("good cause"), Fed. R. Civ. P. 6(b)(1)(A) ("good cause"), or Fed. R. Civ. P. 6(b)(1)(B) ("excusable neglect"), as shown below, regardless of which measure is adopted, Plaintiff failed to show that she is entitled to additional time to serve her written discovery responses.

Inexplicably, however, Magistrate Judge Kiel disregarded the applicable Federal Rules, insisting instead that the proper formulation for the inquiry was whether Plaintiff's untimely conduct could be excused under the factors enunciated in *Meyers v. Pennypack,* 559 F.2d 894 (3d. Cir. 1977). (Block Decl., Ex. A at 7:11-11:8.) As explained below, this was clear error for several reasons.

B.   **Having Failed to Comply with the Court's Multiple Scheduling Orders and Failed to Move on a Showing of Good Cause for an Extension of Time Before the Deadline Under Rule 16(b)(4) and Rule 6(b)(1)(a), Plaintiff's Additional Written Discovery Should Have Been Precluded.**

Plaintiff failed to comply with the clear requirement set forth in the Court's four amended discovery orders which provided, in relevant part, that all fact discovery, with the sole exception of Plaintiff's deposition, was to be completed by December 31, 2020. (ECF Nos. 54, 67, 76 and 80.) Plaintiff likewise failed to file a motion to extend the fact discovery deadline past December 31, 2020. According to

4

Fed. R. Civ. P. 6(b)(1)(A), "the court may, for good cause, extend the time . . . if the court acts, or if a request is made, before the original time or its extension expires . . . ." Under Rule 16, a court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When warranted, sanctions can be imposed against those who "fail to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C).

The crucial issue in determining whether "good cause" exists pursuant to Rule 16(b) is the moving parties' diligence and whether a more diligent pursuit of discovery by the moving party was impossible. *Globespanvirata, Inc. v. Texas Instruments, Inc.,* 2005 WL 1638136, at *3 (D.N.J. Jul. 12, 2005) (quoting *Rent-A-Center v. Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003); citing Fed. R. Civ. P. 16(b) Advisory Committee Notes to 1983 Amendments ("The court may modify the schedule on a showing of good cause if [the deadlines] cannot be reasonably met despite the diligence of the party seeking the extension.")); *see, e.g.*, *Konopca v. FDS Bank,* 2016 WL 1212952, at *2 (D.N.J. Mar. 29, 2016). "The 'good cause' standard is not a low threshold. Disregard for a scheduling order undermines the court's ability to control its docket, disrupts the agreed-upon course of the litigation, and rewards 'the indolent and cavalier.'" *J.G.*, 2014 WL 1652793, at *1 (quoting *Riofrio Anda v. Ralston Purina Co.*, 959 F.2d 1149, 1154-55 (1st Cir. 1992)).

A party seeking to reopen discovery bears "the burden of demonstrating that 'despite its diligence, it could not reasonably have met the scheduling order

deadline.'" *Leyse v. Bank of America Corp.,* 2019 WL 3780096, at *2 (D.N.J. Aug. 12, 2019) (affirming Magistrate Judge Mannion's denial of request to reopen discovery due to "plaintiff's failure to provide a clear reason for his delay in requesting the information sought"); *Grossbaum v. Genesis Genetics Inst., LLC*, 2010 WL 3943674, at *2 (D.N.J. Oct. 6, 2010); *Spring Creek Holding Co. v. Keith,* 2006 WL 2403958, at *3 (D.N.J. Aug.18, 2006) (affirming then-Magistrate Judge Salas' denial of motion to reopen discovery); *Hutchins v. United Parcel Serv., Inc.,* 2005 WL 1793695, at *3 (D.N.J. July 26, 2005).

To prove diligence in order to establish good cause, the party seeking an extension must show that a more diligent pursuit of discovery was impossible. *Nowell v. Reilly*, 437 F. App'x 122, 125 (3d Cir. 2011); *Hewlett v. Davis,* 844 F.2d 109, 113 (3d Cir. 1988); *Trask v. Olin Corp.,* 298 F.R.D. 244, 268 (W.D. Pa. 2014); *Pritchard v. Dow Agro Sciences,* 255 F.R.D. 164, 175 (W.D. Pa. 2009). An absence of prejudice to the non-moving party is not a consideration under the good cause standard. *Globespanvirata,* 2005 WL 1638136 at *3.

*Rosetsky v. National Board of Medical Examiners of U.S., Inc.,* 350 F. App'x 698 (3d Cir. 2009), is instructive in determining whether a movant's conduct demonstrates "good cause." Rosetsky appealed a grant of summary judgment in favor of her former employer, the National Board of Medical Examiners of the United States of America, Inc., on claims of age discrimination and unlawful retaliation under the Age Discrimination in Employment Act, and the Pennsylvania Human Relations Act. *Id*. at 700. Among Rosetsky's issues on appeal was whether the district

6

court committed reversible error by denying her request to extend the court's sixty-day discovery schedule in order to take depositions. *Id.* at 702. Rosetsky's lawyer waited to the eve of the discovery deadline to notice any depositions and gave defense counsel only one week's notice without coordinating defense counsel's schedules. *Id.* The date Rosetsky's lawyer noticed for the deposition created a calendar conflict. Rather than offer another day for the deposition within the discovery deadline, Rosetsky's lawyer filed a motion to extend discovery only two days before the deadline expired. *Id.* Rosetsky did not contest any of the facts surrounding her lawyer's failure to comply with the district court's published discovery procedures or demonstrate actual or substantial prejudice by the district court. *Id.* at n.2. The district court denied Rosetsky's motion.

On review for abuse of discretion, the Third Circuit was guided by the principle that it would "not upset a district court's conduct of discovery procedures absent a demonstration that the court's action made it impossible to obtain crucial evidence," and plaintiff's burden that "implicit in such a showing is proof that more diligent discovery was impossible." *Id.* (citing *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 778 (3d Cir. 2000); *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 818 (3d Cir. 1982)).

Affirming the district court's grant of summary judgment in defendant's favor, the Third Circuit found that Rosetsky's lawyer did not make a good faith effort to comply with the district court's published discovery procedures and failed to offer any reasons why diligent discovery was not possible. *Id.*

Here too, plaintiff failed to advance any facts or legal argument that a more diligent pursuit of discovery within the schedule was impossible. Indeed, Plaintiff's counsel admits as much, resting his entire explanation for his delay on the fact that he simply forgot "[b]ecause of the significant time that had passed since Plaintiff [initially] responded to [the] Interrogatories." (ECF No. 83 at 10.) The Magistrate Judge, in turn, accepted this explanation, characterizing Plaintiff's seven-month delay in supplementing discovery as "mere inadvertence." (*See* Block Decl., Ex B at 6:15-16; 7:3-10; 10:10-24; ECF No. 83 at 4.) But this failure, even assuming its truth, does not establish the requisite good cause. Scores of opinions from around the country have roundly rejected this idea. *See, e.g., Active Packet, LLC v. Netgen, Inc.,* 2020 WL 9073330, at *2 (M.D. Fla. May 12, 2020) (denying motion to amend the discovery schedule wherein defendant acknowledged forgetting about an applicable deadline, which the court in turn deemed a tacit admission that if it had been diligent the scheduling deadline would have been met); *Espinoza v. Galardi S. Enterprises, Inc.*, 2017 WL 4553451, at *4 (S.D. Fla. Oct. 12, 2017) (finding plaintiffs were forgetful, and that such forgetfulness was incompatible with Rule 16's diligence requirement; therefore, "good cause" was not demonstrated); *LaNier v. U.S.*, 2017 WL 951040, at *4 (S.D. Cal. Mar. 10, 2017) ("Plaintiff's other proffered reason for missing the deadline, that he simply forgot there was a deadline, also fails to demonstrate reasonable diligence. Plaintiff argues that the information he seeks is 'material and important' and 'goes to the very heart of' Plaintiff's case,' but his lengthy and unjustified delay in challenging Defendant['s] objections does not

support this claim"); *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 292 F.R.D. 142, 145 (D.D.C. 2013) (denying defendant leave to amend its pleadings to assert an additional affirmative defense because it forgot to do so earlier; such conduct "constitutes neither diligence nor good cause"); *Lyon v. Chase Bank USA, N.A.*, 2009 WL 3047240, at *1 (D. Or. Sept. 22, 2009) (plaintiff's forgetfulness "did not constitute good cause sufficient to meet Plaintiffs' threshold showing required under Rule 16(b)"); *Buckman v. MCI World Com*, 2007 WL 2320533, at *2 (D. Ariz. Aug. 10, 2007) (same).

Moreover, the carelessness of counsel, or individuals in counsel's employ, do not constitute good cause for untimely discovery responses. *Lizarraga v. Buffalo Wild Wings, Inc.*, 2016 WL 1465338, at *2 (D. Nev. Apr. 14, 2016). A litigant who voluntarily hires an attorney as their representative in an action cannot avoid the consequences of the acts or omissions of this freely selected agent. *Marlowe Patent Holdings LLC v. Dice Electronics, LLC*, 293 F.R.D. 688, 700 (D.N.J. 2013) (quoting *Link v. Wabash R. Co.,* 370 U.S. 626, 633–34 (1962)). To hold otherwise would be "wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Id.* (quoting *Link*, 370 U.S. at 634). The neglect of the attorney is to be treated as the neglect of the client. *Id.*

Worse still, Plaintiff's counsel never wrote to the Court in June 2021 or at any time before or after seeking to reopen discovery for the limited purpose of his client's

additional interrogatory responses. Counsel simply sought to justify his conduct after-the-fact, when Defendant filed her motion to preclude. (ECF No. 83.) Insofar as Plaintiff's August 5, 2021 response can even credibly be said to be an "application" in any appreciable sense of the word, it came more than eight months after the close of fact discovery had expired. (*Compare* ECF No. 56 ¶ 6, *with* ECF No. 83 at 10.) While the Magistrate Judge committed legal error in overlooking Plaintiff's unjustified neglect, his Order also had the practical effect of ""reward[ing] the indolent and cavalier" rendering court-imposed deadlines effectively meaningless. *Kennedy*, 2021 WL 568121, at *4 (quoting *J.G.*, 2014 WL 1652793).

### C. Having Failed to Comply with the Court's Multiple Scheduling Orders and Filed a Motion to Extend After the December 31, 2020 Deadline Under Rule 16(b)(4) and Rule 6(b)(1)(b), Plaintiffs' Additional Written Discovery Should Have Been Precluded

Plaintiff failed to abide by any of the Court's four amended scheduling orders and served her supplemental discovery responses on June 24, 2021, and only after Defendant indicated her objection. (ECF Nos. 83 at 4; 83-1; 83-2 and 83-3.) Not until August 5, 2021, six weeks later, did Plaintiff submit her "justification" to the Court, and then, only in response to Defendant's motion to preclude. (ECF No. 83.) Fed. R. Civ. P. 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

Here too, the record is crystal clear that this requirement was not complied with. Plaintiff's response in the parties' joint letter to the Magistrate Judge dated August 5, 2021 did not seek a *nunc pro tunc* determination concerning an extension

10

of time, nor did the Magistrate Judge make such a finding. (*Id.*; Block Decl., Ex. B.)

In any event, the Magistrate Judge did not have a sufficient factual or legal basis on

which to make such a determination. As such, there is neither a good cause basis

for failure to comply with the Court's various amended discovery orders nor did

Plaintiff show "excusable neglect" under Fed. R. Civ. P. 6(b)(1)(B).

In determining whether a party has demonstrated excusable neglect the Court

must consider the following five factors:

> 1) whether the inadvertence reflected professional incompetence such as ignorance of rules of procedure, 2) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, 3) counsel's failure to provide for a readily foreseeable consequence, 4) a complete lack of diligence, or 5) whether the inadvertence resulted despite counsel's substantial good faith efforts towards compliance.

*Louisiana Counseling and Fam. Services, Inc. v. Mt. Fugi Japanese Rest.*, 2013 WL

1844269, at *2 (D.N.J. May 1, 2013) (quoting *Dominic v. Hess Oil V.I. Corp.*, 841 F.2d

513, 517 (3d Cir. 1988)).

Plaintiff's counsel did not and cannot reasonably argue that the failure to

comply with any of the Court's four amended discovery order deadlines was a matter

of "inadvertence reflecting professional incompetence such as ignorance of rules or

procedure." This is no better demonstrated from both Plaintiff's counsel's own

acknowledgement that his responses were untimely, as well as the Magistrate

Judge's finding that he understood the responses to be untimely.  (ECF No. 83 at

10; Block Decl., Ex. B at 6:15-16; 7:3-10.) Moreover, Plaintiff clearly understands

her causes of action that she has been pursuing since the inception of the case and

11

likewise understands that she has the burden of proof on all of the elements of her claims. This means that if Plaintiff intended to rely on additional facts to prove any aspect of liability, those underlying facts needed to be asserted as a basis for liability no later than December 31, 2020 — the date the Court ordered the close of all fact discovery, with the exception of conducting Plaintiff's deposition.

The other factors — "counsel's failure to provide for a reasonably foreseeable consequence," "whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court," "complete lack of diligence," or "whether the inadvertence resulted despite counsel's substantial good faith efforts towards compliance" — also do not weigh in favor of Plaintiff. Plaintiff knew, or should have known, of the dates imposed by the Court's multiple discovery orders. Plaintiff's counsel's claim that his forgetfulness was brought about by some sort of inordinate delay between the timing of Plaintiff's initial interrogatory responses served on June 5, 2020, and Defendant's deposition on November 6, 2020 (ECF 83 at 9), lacks merit. There is simply nothing unusual about this five-month period between these two events; particularly, given that this timeframe fell smack in the middle of the Covid-19 global pandemic — a fact which Plaintiff's counsel does not even rely upon for his delay. (*See generally* ECF 83 at 8-15.)

Further, Plaintiff's counsel's actions evidence a complete lack of due diligence, considering that he was also the one who conducted Defendant's deposition in November 2020 and was made aware at that time of those portions

12

of Defendant's testimony that undergird Plaintiff's additional discovery responses, but which were not served until more than seven months later. (Block Decl., Ex. C.)

For the same reasons discussed above as to why the Plaintiff cannot meet the "good cause" standard and below as to why this Court must find that the Magistrate Judge committed an abuse of discretion, Plaintiff cannot meet the "excusable neglect standard." In the interests of economy, Defendant will not repeat these arguments, but suffice it to say that Plaintiff's counsel actions and statements illustrate that his approach to the Court's multiple and consistent fact discovery deadlines is nothing short of cavalier. That Plaintiff's counsel never made any motion in support of his untimely discovery either before or afterwards merely underscores the point. Such an approach should not qualify as excusable neglect.

In addition to ignoring or otherwise inappropriately evaluating any of the aforementioned threshold issues under either Rule 6 or 16 that must as a matter of law be considered, the Magistrate Judge also ignored binding precedent from this Court, including that (i) a "lack of prejudice to the non-movant does not show 'good cause;'" and (ii) "the [Federal Rules] cannot contemplate a window to supplement longer than the initial window to respond." (ECF 83 at 7 (citing *GlobespanVirata*, 2005 WL 1638136, at 3, and *Trust v. Durst*, 2015 WL 7720481, at *6 (D.N.J. Nov 30, 2015)) This too was improper and are additional reasons to reverse the Magistrate Judge's decision.

13

### D. Application of the *Meyers v. Pennypack* Factors Does Not Compel a Different Result.

Defendant submits that Plaintiff has shown neither good cause nor excusable neglect as a basis for extending the fact discovery deadline and permitting her untimely disclosures. At the most recent hearing on September 20, 2021, and in reliance on Plaintiff's counsel's citation to *Meyers v. Pennypack,* 559 F.2d 894 (3d. Cir. 1977) in excusing her delay, the Magistrate Judge proceeded to evaluate Plaintiff's conduct under the *Pennypack* factors. (Block Decl., Ex. B at 7:13-8:9.)

While Third Circuit legal edicts are important for trial courts and counsel to consider, Defendant submits that the requirements under Rule 16 and 6 should weigh heavily in the Court's assessment here and, in any event, contain the appropriate legal standards by which to evaluate Plaintiff's counsel's conduct.[2]

---

[2]    For at least a few reasons, Defendant questions the continued utility of the decision in *Pennypack* in 2021. First, the reference to plaintiff as "a Negro" in the first line of the opinion underscores its outdated analysis. Second, *Pennypack* was subsequently overruled on other grounds by *Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985). And, while the Third Circuit subsequently "recognized the continuing applicability of [*Pennypack*] to a Rule 37 exclusion analysis" in *In re TMI Litig.,* 193 F.3d 613, 721 (3d Cir. 1999), the 1983 Amendment to Rule 16, which came after *Pennypack*, supplies the legal standard to be applied here, i.e., "the court may modify the schedule **on a showing of good cause** if it cannot reasonably be met despite the diligence of the party seeking extension." Advisory Committee Notes to 1983 Amendments. (emphasis added.)

The Magistrate Judge's reliance on *Pennypack* to the exclusion of the requirements imposed by Rule 16(b)(4), is not only a clear error of law or otherwise constitutes an abuse of discretion, but if left to stand serves to eviscerate the underpinnings associated with the specific applicable Federal Rule.

Defendant further submits *Pennypack* and *TMI* are materially distinguishable from the present situation, as both opinions concerned the exclusion of expert witnesses, not

To the extent considered by the Court in the context of a pre-trial setting in which untimely written discovery may be excluded, the *Pennypack* decision stands for the general proposition that "a trial court's ruling excluding evidence because of the failure of counsel to adhere to a pretrial order will not be disturbed on appeal absent a clear abuse of discretion." *Pennypack*, 559 F.2d at 903. In determining what constitutes a "clear abuse of discretion," the Third Circuit looks to four factors: "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case . . . ; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation." *Mall Chevrolet, Inc. v. Gen. Motors LLC*, 2021 WL 426193, at *15 (D.N.J. Feb. 8, 2021) (quoting *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000)). A fifth factor for consideration is "the importance of the excluded evidence." *Id.*

The facts confirm that Defendant has been severely prejudiced. Considering the first factor concerning surprise or prejudice, Plaintiff has gained an important strategic advantage from withholding certain statements that her counsel only recently identified as defamatory; particularly, when those same statements were available to Plaintiff at the time she filed her initial Complaint in March 2019 but,

---

written discovery. Indeed, in the case of *TMI*, exclusion was predicated at least in part on the expert not being qualified. *In re TMI Litig.,* 193 F.3d at 671. As explained below, the gravity of the exclusion here is far less consequential than the exclusion of the expert witnesses in these cases.

for whatever reason, choose not to include as a basis for her claim. (*Compare generally* ECF No. 1, *with* ECF No. 83-1 at 7-17, *and* ECF 6-4, namely, the dates of the postings by "Jenny" and "Emily" at 9, 14, 16-17.) Plaintiff bears the burden of proof. As such, the Court's multiple amended discovery orders clearly required her to complete all fact discovery by December 2021, absent an extension.  (ECF No. 54, ¶ 6.) That the Magistrate Judge not only permitted this untimely disclosure, but then also *sua sponte* granted Plaintiff leave to amend her Complaint to account for these omissions **seventeen months** after the period to amend the pleadings closed is reversible error.[3] (ECF No. 41, ¶ 3.) As an initial matter, it plainly ignores that Defendant came to rely on the absence of these five additional statements in formulating her defense over these last two and a half years. Defendant is clearly surprised by the fact that Plaintiff may now, with the Magistrate Judge's endorsement, rely on allegations that pursuant to the Court's prior orders should have been fully plead by April 2, 2020. (*Id.*) Further, "[t]he Third Circuit has cited as

---

[3]      Permitting Plaintiff to amend her Complaint was also improper because the amendments are barred by the one-year statute of limitations for defamation. *See* N.J.S.A. 2A:14-3. A proposed amended claim relates back to the date of the original Complaint when the new claim arises out of the same "conduct, transaction or occurrence" as the original claim. *See* Fed. R. Civ. P. 15(c)(1)(B). Here, the five "new" statements Plaintiff alleges in her Amended Complaint were published on August 16, September 20, October 7, October 27 and December 18, 2018. (ECF No. 6-4 at 9, 14, 16-17.) Each was a separate publication. Accordingly, because Plaintiff failed to plead these particular alleged acts of defamation **at all** until the statute of limitations had long expired, the relation back doctrine does not apply. *Bank of Hope v. Chon,* 2017 WL 39554, at *3 (D.N.J. Jan. 4, 2017) (denying amendment to defamation claim for the foregoing reason and because claimant was aware years earlier that the allegedly defamatory statement had been made, and thus could not argue that the content of the statements were hidden from him until after the statute of limitations had expired) (citing *Bensel v. Allied Pilots Ass'n,* 387 F.3d 298, 310 (3d Cir. 2004) (holding that in order for relation back to be allowed, the opposing party must be given fair notice of the **fact situation** and the legal theory upon which the amending party wishes to proceed, but that a newly-asserted claim must be treated with caution).

an example of prejudice 'the excessive and possibly irremediable burdens or costs imposed on [an] opposing party.'" *Kennedy*, 2021 WL 568121, at \*5 (quoting *Adams v. Trs. of the N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994)).

Here too, the financial prejudice to Defendant is beyond dispute. Defendant must now respond to the Amended Complaint that was filed on September 27, 2021 (ECF No. 93) pursuant to the Order. (ECF No. 88.) The expense to be incurred by Defendant is neither abstract nor *de minimis*. Defendant has already signaled her intention to the Court that she intends to file a dispositive motion in lieu of answering the Amended Complaint, for which the parties have already agreed upon a briefing schedule (ECF No. 91); indeed, Defendant has already begun her pre-Answer briefing. Based on the foregoing, the prejudice is clear. As such, under the second factor, the prejudice is also incurable. The third factor is not relevant to the facts of this case.

As far as the fourth factor concerning bad faith or willfulness is concerned, the Rule 6 and 16 arguments made above show that the decision not to comply with the Court's several discovery orders was at least inexcusable under the appropriate standards to be applied. At the very least, the facts show willfulness — an act that is done deliberately for the purpose of having one's own way.

As for the fifth factor, the importance of the evidence to be excluded, this too favors Defendant. Plaintiff may still maintain her single cause of action for defamation *per se* without reliance on these "new" five statements set forth in her

17

June 2021 interrogatory responses and Amended Complaint. (ECF Nos. 83-1 and 93-1, ¶ 18.) Indeed, she has maintained the same single cause of action since this matter was commenced in March 2019. (ECF No. 1.)  Plaintiff should not, however, be permitted at this late juncture to rely on these same statements that were all published and readily available to her at the time she filed her initial pleading to support the same claim. As the court noted in *LaNier*, any purported material importance of these statements to Plaintiff's case is belied by the unjustified delay in bringing them to the fore sooner.  *LaNier*, 2017 WL 951040, at *4.

Accordingly, the conduct of counsel was at least an outright disregard for the multiple discovery deadlines governing both amendments to the pleadings as well as the fact discovery cut-off, knowing full well that Defendant would be relying on the Complaint as a basis for her defense. The Magistrate Judge's failure to fully appreciate this is reversible error.

## CONCLUSION

On this record, Plaintiff has not and cannot demonstrate diligent efforts or that discovery was impossible. Even crediting the innocence of Plaintiff's counsel's mistake, it offers no safe harbor under the appropriate legal standards to be applied. Plaintiff falls far short of the diligent effort required to establish good cause to reopen discovery and permit her untimely discovery responses. Thus, the Magistrate Judge's granting of the right to replead was without a sound factual or legal basis. Accordingly, upon the facts and circumstances and for the reasons set forth above as well as in Defendant's initial moving memorandum (ECF No. 83), and in the interests of justice, Defendant respectfully request that the Court schedule a hearing on Defendant's

objections and set aside the Order of Magistrate Judge Kiel dated September 20, 2021.

Respectfully submitted,
**MANDELBAUM SALSBURG P.C.**


By: */s/ Brian M. Block*
Brian M. Block

Joel G. MacMull
3 Becker Farm Road
Roseland, New Jersey 07068
Tel.: 973-736-4600
bblock@lawfirm.ms
jmacmull@lawfirm.ms

*Attorneys for Defendant Peony Lin*


Dated: October 4, 2021

19