# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Tzuhsin (Christine) Yang,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Peony Lin, an individual, and<br>Jane Doe, an unknown individual,<br><br>　　　　Defendants. | Civil Action No. 2:19-cv-08534-ES-ESK<br><br>**Motion Return Date:**<br>November 1, 2021 |

**DECLARATION OF JEFFREY M. ROSENFELD IN SUPPORT OF PLAINTIFF TZUHSIN (CHRISTINE) YANG'S OPPOSITION TO DEFENDANT PEONY LIN'S MOTION OBJECTING TO THE ORDER OF THE HON. EDWARD S. KIEL, U.S.M.J. DATED SEPTEMBER 20, 2021 REGARDING PLAINTIFF'S UNTIMELY WRITTEN DISCOVERY RESPONSES**

I, Jeffrey M. Rosenfeld, do hereby declare:

1.　I am an attorney admitted to practice law in the State of California and before this Court on a *pro hac vice* basis. I am a partner at the law firm of Kronenberger Rosenfeld, LLP, counsel of record for Plaintiff Tzuhsin Yang *aka* Christine Yang. Unless otherwise stated, I have personal knowledge of the facts set forth in this declaration.

2.　On March 14, 2019, Plaintiff filed her original Complaint, asserting a single cause of action against Defendant for defamation. Plaintiff's defamation claim

1

is based on Defendant's alleged publication of statements (and conspiracy to publish statements) across eight Shaming Websites and in two emails. While the Shaming Websites contain hundreds of disparaging statements about Plaintiff, the Complaint identified 54 representative statements across the various Shaming Websites (the "54 Statements").

3. Shortly after the filing of the Complaint, on April 1, 2020, Defendant served Plaintiff with her First Set of Interrogatories and First Request for the Production of Documents and Things; attached hereto as **Exhibits A–B** are true and correct copies thereof, respectively.

4. Attached hereto as **Exhibit C** is a true and correct copy of Plaintiff's Objections and Responses to Defendant Peony Lin's First Set of Interrogatories, which Plaintiff timely served on Defendant on June 5, 2020. In response to Interrogatory No. 7, Plaintiff identified all statements listed in the Complaint that she attributed to Defendant. Because Plaintiff believed that Defendant published a large portion of the 54 Statements, and because all of the statements on the Shaming Websites were published pseudonymously, precluding Plaintiff from being able to attribute specific statements to Defendant at this early stage in the litigation, Plaintiff did not identify additional statements that might have served as a basis for liability in response to Interrogatory No. 8.

5. Attached hereto as **Exhibit D** are true and correct copies of an enclosure

letter and excerpt from Plaintiff's initial document production made in response to Defendant's First Set of Requests for Production, which Plaintiff timely served on June 5, 2020, and which includes the five statements at issue in this motion. My office has highlighted the relevant portions of this exhibit.

6. On November 6, 2020, Plaintiff took the deposition of Defendant. During the deposition, Defendant admitted to authoring only one of the 54 Statements. However, Defendant admitted to authoring several other disparaging statements about Plaintiff on the Shaming Websites. Plaintiff considers five of these additional statements to be defamatory (the "Five Statements"). During Defendant's deposition, Plaintiff asked Defendant about the Five Statements, including Defendant's reasons for publishing the Five Statements and her use of pseudonyms to publish the Five Statements. Attached hereto as **Exhibit E** are true and correct excerpts of the deposition transcript of Defendant Peony Lin, taken on November 6, 2020. My office has highlighted the relevant portions of this transcript.

7. Because of the significant time that had passed since Plaintiff responded to Interrogatories Nos. 7–8, Plaintiff did not remember that she had not identified the Five Statements in response to Interrogatory No. 8. Thus, Plaintiff failed to supplement her response to Interrogatory No. 8 in a timely manner to identify the Five Statements (i.e., when she received Defendant's deposition transcript on November 21, 2020). This was an oversight by my office, and we

apologize to Defendant's counsel and the Court for this oversight.

8. Due to various unrelated delays, Defendant did not take Plaintiff's deposition until June 2021. In reviewing documents to prepare for the deposition, I recognized that I had not supplemented the response to Interrogatory No. 8 to identify the Five Statements. I immediately notified Defendant of Plaintiff's intent to supplement the response to Interrogatory No. 8. Attached hereto as **Exhibit F** is a true and correct excerpt from an email I sent to Defendant's counsel on June 23, 2021, in which I notified Defendant's counsel of Plaintiff's intent to serve the Supplemental Response. The next day, on June 24, 2021, my office served Defendant with a supplemental response to Interrogatory No. 8, which identified the Five Statements (the "Supplemental Response"). Attached hereto as **Exhibit G** is a true and correct copy of Plaintiff's Third Amended and Supplemental Objections and Responses to Defendant Peony Lin's First Set of Interrogatories, served on Defendant on June 24, 2021.

9. I recognized that the Supplemental Response was not timely and was being served on Defendant's counsel just before Defendant's deposition of Plaintiff. As such, I offered to pay for the costs of the continued (second) deposition of Plaintiff (Defendant had requested a second deposition of Plaintiff for reasons unrelated to the Supplemental Response). Attached hereto as **Exhibit H** is a true and correct copy of an email I sent to Defendant's counsel on June 25, 2021, in which I

informed Defendant's counsel that my office was willing to bear the cost of the court reporter and interpreter at Plaintiff's second deposition so that Defendant could question Plaintiff about the Five Statements. Defendant declined this offer but conducted the second deposition of Plaintiff on August 2, 2021, a deposition that lasted over seven hours.

10. As of the date of filing of Defendant's original request to strike/preclude the Supplemental Response, the expert disclosure deadline had not been set, the summary judgment deadline had not been set, the pretrial conference date had not been set, and the trial date had not been set.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 18, 2021.

_____
Jeffrey M. Rosenfeld