## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TZUHSIN YANG a/k/a CHRISTINE YANG, | Civil Action No. 19-cv-8534 |
| *Plaintiff,* | |
| v. | Motion Return Date: December 20, 2021 |
| PEONY LIN, an individual, and JANE DOE, an unknown individual, | Briefing Set by Order (ECF No. 95) |
| *Defendants.* | Oral Argument Requested |

## DEFENDANT PEONY LIN'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Brian M. Block
Joel G. MacMull, *Admitted Pro Hac Vice*
MANDELBAUM SALSBURG, P.C.
3 Becker Farm Road
Roseland, New Jersey 07068
Tel. (973) 736-4600

*Attorneys for Defendant Peony Lin*

*On the Brief*

Joel G. MacMull, *Admitted Pro Hac Vice*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS ..................................................................................... 3

LEGAL ARGUMENT ........................................................................................... 4

THE APPLICABLE LEGAL STANDARD ............................................................. 4

I.      DEFAMATION *PER SE* BASED ON STATEMENTS IMPUGNING THE CHASTITY OF A WOMAN ARE UNCONSTITUTIONAL ............................................................... 5

II.     EACH OF PLAINTIFF'S NEWLY ADDED FIVE STATEMENTS IN SUPPORT OF HER DEFAMATION CLAIM ARE TIME-BARRED BY THE ONE-YEAR STATUTE OF LIMITATIONS ................................................... 8

III.    PLAINTIFF CANNOT ESTABLISH CERTAIN STATEMENTS ARE DEFAMATORY BECAUSE THEY ARE NOT COGNIZABLE STATEMENTS OF FACT .......................... 12

        A. Because Certain Specific Language Allegedly Used by Defendant Appear in the Form of Questions, They are not Statements of Fact ............................... 14

IV.    CONCLUSION ........................................................................... 18

4860-3700-8384, v. 1

# TABLE OF AUTHORITIES

## *Cases*

*Abbas v. Foreign Policy Group*, LLC, 975 F. Supp. 2d 1 (D.D.C. 2013) ...................... 16

*Arcand v. Brother Intern. Corp.*, 673 F. Supp. 2d 282 (D.N.J. 2009) .......................... 5

*Baxstrom v. Herold*, 383 U.S. 107 (1966) ....................................................... 6

*Beck v. Tribert,* 312 N.J. Super. 335 (App. Div. 1998) ............................................. 12

*Boulger v. Woods*, 306 F. Supp. 3d 985 (S.D. Ohio 2018) .......................................... 15

*Butler v. Town of Argo*, 871 So. 2d 1 (Ala. 2003) ............................................... 7

*Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087 (4th Cir. 1993) ................................. 16

*Churchhill v. State*, 378 N.J. Super. 471 (App. Div. 2005) ...................................... 10

*Cole v. Westinghouse Broad. Co.*, 435 N.E.2d 1021 (Mass. 1982) .............................. 12

DeAngelis v. Hill, 847 A.2d 1261 (N.J. 2004) .............................................. 14

*Farrell v. Einemann,* No. 04-cv-2088,
    2006 WL 5164064 (D.N.J. Aug. 28, 2006) ............................................... 10

*Farzan v. United Parcel Serv., Inc.,* No. 10-cv-1417,
    2011 WL 3510860 (D.N.J. Aug. 8, 2011) ................................................. 9

*Feggans v. Billington,* 291 N.J. Super. 382 (App. Div. 1996) .................................... 12

*Forte v. World Financial Network Bank*, No. 12-cv-704,
    2012 WL 3239696 (D.N.J. Aug. 7, 2012) .................................................. 5

*Hoagburg v. Harrah's Marina Hotel Casino*, 585 F. Supp. 1167 (D.N.J. 1984) ........... 6

*Kotlikoff v. The Cmty. News*, 89 N.J. 62 (1982) ......................................... 13

ii

*Lawrence v. Bauer Publ'g & Printing Ltd.,* 396 A.2d 569 (N.J. 1979) .......................... 9

*Lee v. TMZ Productions Inc*, 710 F. App'x 551 (3d Cir. 2017) .................................. 13

*Lynch v. New Jersey Educ. Ass'n*, 161 N.J. 152 (1999). ............................................ 12

*MacKay v. CSK Pub. Co., Inc.*, 693 A.2d 546 (N.J. Super. Ct. App. Div. 1997) ........... 6

*Matthews v. Carson*, No. 09-cv-5587,
   2010 WL 572101 (D.N.J. Feb. 17, 2010) ................................................................. 5

*Novartis Pharmaceuticals Corp. v. Bausch & Lomb, Inc.*, No. 07-cv-5945,
   2008 WL 4911868 (D.N.J. Nov. 13, 2008) ............................................................... 5

*Nu Wave Inv. Corp. v. Hyman Beck & Co.,* 75 A.3d 1241
   (N.J. Super. Ct. App. Div. 2013) ............................................................................. 9

*O'Donnell v. Simon*, 362 F. App'x 300 (3d Cir. 2010) ................................................. 9

*Ollman v. Evans*, 750 F.2d 970 (D.C. Cir. 1984) ................................................. 12, 15

*Partington v. Bugliosi*, 56 F.3d 1147 (9th Cir. 1995) ................................................. 16

*Pemberthy v. Beyer*, 19 F.3d 857 (3d Cir. 1994) ......................................................... 6

*Phantom Touring, Inc. v. Affiliated Publications*, 953 F.2d 724 (1st Cir. 1992) ......... 16

*R.K. v. Y.A.L.E. Sch., Inc.*, 621 F. Supp. 2d 188 (D.N.J. 2008) ................................... 9

*Roberts v. Mintz*, No. A-1563-14T4,
   2016 WL 3981128 (N.J. Super. Ct. App. Div. July 26, 2016) ................................. 16

*W.J.A. v. D.A.*, 210 N.J. 229 (2012) .......................................................................... 5

*Ward v. Zelikovsky*, 643 A.3d 516 (N.J. 1994) ..................................................... 12-13

iii

## *Other Authorities*

*Law of Defamation* § 7:18 (2d ed.)................................................................................. 7

Restatement (Second) of Torts (1977)....................................................... 7, 14

U.S. Const. amend. XIV, § 1........................................................................ 6

iv

Defendant Peony Lin ("Defendant" or "Lin") respectfully submits this memorandum of law in support of her motion to dismiss the amended complaint of plaintiff Tzuhsin Yang a/k/a Christine Yang ("Plaintiff" or "Yang") in its entirety, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff filed her initial complaint on March 14, 2019, alleging that beginning in or around September 2016, Defendant published and conspired with others to publish false and defamatory statements about Plaintiff in various online fora. (*See generally*, ECF No. 1.) The initial complaint claimed that Plaintiff had been defamed by the publication of no less than fifty-seven separate statements, fifty-five of which were allegedly posted on various Internet websites by Lin.  (*See id.*)

With fact discovery now concluded, Plaintiff's case, specifically the raft of statements Plaintiff seeks to attribute to Lin along with her alleged conspiratorial conduct involving Julia Kim — the defendant in the contemporaneous California state action that settled in May of this year — has proven to be meritless. This is true for at least a few reasons, not the least of which because (i) Julia Kim, not Lin, was responsible for the statements Plaintiff contends are defamatory; and (ii) there exists no evidence in the record whatsoever that Ms. Kim and Lin ever communicated, let alone that they conspired with one another in a pernicious plot to defame Plaintiff online.

1

The Court's reckoning with this total lack of evidence is not the subject of the present motion, however, as this memorandum is confined merely to Plaintiff's amended complaint and its fatal defects. As Plaintiff recently explained to the Court, leave to amend the complaint was improvidently granted by the Hon. Edward Kiel, U.S.M.J on September 20, 2021 (the "Order").[1] The Court's error in granting leave to amend notwithstanding, the amended complaint filed pursuant to the Order on September 27, 2021 (ECF No. 92, hereinafter "Am. Compl.") is fatally flawed such that the Court must, as a matter of law, dismiss it in its entirety.

As an initial matter, Plaintiff's claims are barred by Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. Where, as here, Plaintiff's defamation *per se* claim lies with impugning her chastity, and there exists no corresponding violation for the same conduct directed towards a man, it is unconstitutional unless it can withstand heighted scrutiny.  Such a showing cannot be made here.

Less fundamental but no less fatal, the amended complaint, like its predecessor, refers to a number of statements that are simply not defamatory because they are protectable opinion incapable of being proven true or false. But even if the Court were to conclude otherwise, the five new statements Plaintiff includes in her amended complaint for the first time now, two and a half years after the initial complaint was filed and more than seventeen months after any amendments to the

---

[1]    Magistrate Judge Kiel's Order is the subject of a separate motion brought pursuant to Fed. R. Civ. P. 72 and L. Civ. R. 72(c)(1) filed with the Court on October 4, 2021. (ECF No. 94 *et seq.*)

2

pleadings were due (ECF No. 41, ¶3), are all barred by the applicable one-year statute of limitations period for defamation actions.

Accordingly, because Yang does not – and cannot as a matter of law – plead a plausible claim, the Court should dismiss the Complaint in its entirety.

## STATEMENT OF FACTS[2]

The Court is respectfully referred to the amended complaint filed in this action on September 27, 2021 (ECF. No. 93) for a complete recitation of the facts and background relevant to the motion.  The amended complaint's five new statements which form the predicate for Plaintiff's amendment are as follows:

- I find it amusing she is actually looking for a job, its more net work opportunity to sleep with more men she has very low level literacy, is capable of only simple language, and will fall for you as long as you keep on complimenting her 'oh! you are so pretty' she is a sick women, and a back stabber, for your own safety, stay away from her!

- lol hope your friend got out of that relationship before she drained his bank account. its impossible for her to hang out with talented friends, intelligent women would never lower themselves to be friends with this whore. all she talks about all day is beauty, bags, and crap.

- this whore moving to the east coast now?

---

[2]     Solely for the purposes of this motion, Lin assumes the truth of the allegations in the Amended Complaint. However, in the event that the Amended Complaint were not dismissed in its entirety, Lin will deny that there is any basis on which to impose liability against her.

- she is such a psycho, seems like she was trying to mess with her ex husband's ex wife again. how much lower can you get, you are just a whore, remember that!

- hahaha..so funny, with so many Chinese knowing her by now (and simply doing a google search her reputation is already trashed all over internet) I wonder how long she can last. fortunately American is so big she can more to 50 diff states and hunt for a new target in each new city lol but I wonder why these men don't pick someone more beautiful, more natural make up (there are tons of pretty asians out there, and much more educated) dunno why men would fall for someone with 3 inch makeup and 5 inch fake eyelash. anyone seeing her, even if is a first time meet & greet, can totally tell she is a prostitute (from head to toe she looks like a prostitute no doubt) and its so obvious she is the type of girl who cannot keep her legs closed.

(*Compare* ECF No. 93-1 ¶18 at 10-11 *with* Am. Compl. ¶18 at 10-11 (all errors in original).)

As examined below, each of the foregoing allegations — indeed, the entire amended complaint — suffers from terminal infirmities that cannot withstand judicial scrutiny at the motion to dismiss stage.

## LEGAL ARGUMENT

### I.   THE APPLICABLE LEGAL STANDARD.

"Under Federal Rule of Civil Procedure 12(b)(6), a claim  . . . should be dismissed 'where it is certain that no relief could be granted under any set of facts

4

that could be proved.'" *Forte v. World Financial Network Bank*, No. 12-cv-704, 2012 WL 3239696, at *2 (D.N.J. Aug. 7, 2012) (quoting *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990)). Thus, "[a] complaint will be dismissed unless it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Matthews v. Carson*, No. 09-cv-5587, 2010 WL 572101, at *2 (D.N.J. Feb. 17, 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

"The Court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record." *Novartis Pharmaceuticals Corp. v. Bausch & Lomb, Inc.*, No. 07-cv-5945, 2008 WL 4911868, at *3 (D.N.J. Nov. 13, 2008). Thus, a "document **integral to or explicitly relied** upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *Id.* (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)) (emphasis in original) (internal quotation marks omitted); *see also Arcand v. Brother Intern. Corp.*, 673 F. Supp. 2d 282, 291-92 (D.N.J. 2009) (same).

## II. DEFAMATION *PER SE* BASED ON STATEMENTS IMPUGNING THE CHASTITY OF A WOMAN ARE UNCONSTITUTIONAL.

Under New Jersey law, "a statement is defamatory if it is (1) false, (2) communicated to a third person, and (3) tends to lower the subject's reputation in the estimation of the community or to deter third persons from associating with him." *W.J.A. v. D.A.*, 210 N.J. 229, 238, 42 A.3d 1148 (2012). Moreover, a statement constitutes defamation *per se* when it: "(1) charge[s] commission of a crime, (2)

impute[s] certain loathsome diseases, (3) affect[s] a person in his business, trade, profession or office, or (4) impute[s] unchastity to a woman." *Hoagburg v. Harrah's Marina Hotel Casino*, 585 F. Supp. 1167, 1170 (D.N.J. 1984) (quoting *Arturi v. Tiebie*, 179 A.2d 539, 541 (N.J. Super. Ct. App. Div. 1962)); *MacKay v. CSK Pub. Co., Inc.*, 693 A.2d 546, 555 (N.J. Super. Ct. App. Div. 1997).  It is this last category that is relevant here, which, as explained below, is unconstitutional.[3]

The Fourteenth Amendment guarantees that the government must treat a person or class of persons the same as it treats other persons or classes in like circumstances. U.S. Const. amend. XIV, § 1. Equal protection means that a law that discriminates must a have a rational basis for doing so. And if the law involves a suspect class (such as gender), it is unconstitutional unless it can withstand "heightened" scrutiny. *Pemberthy v. Beyer*, 19 F.3d 857, 870 n.18 (3d Cir. 1994). "This scrutiny requires a showing that 'the classification served 'important governmental objectives and that the discriminatory means employed' are 'substantially related to the achievement of those objectives.'" *Id.* "Equal protection does not require that all persons be dealt with identically, but it does require that a distinction made have some relevance to the purpose for which the classification is made." *Baxstrom v. Herold*, 383 U.S. 107, 111 (1966). No such justification exists here.

---

[3]    Defendant previously raised this argument in her reply brief in further support of her motion to dismiss the initial complaint. (ECF No. 21 at p. 15.) At oral argument on the motion on March 2, 2020, the Court appeared disinclined to credit the argument because Defendant had raised it for the first time on reply. (ECF No. 37 at 48:10-49:21; 50:13-52:19.) Accordingly, the argument is revisited here.

In 2021, it cannot credibly be argued that a law that seeks to attribute strict liability for statements made about women, whatever their subject matter, but not the same statements made about men, is constitutional under the Equal Protection Clause. This is not a novel argument. The *Restatement (Second) of Torts* has for close to fifty years looked askance at a claim for defamation *per se* arising from impugning the chastity of a woman:

> The rule stated in this Section has traditionally not applied to the imputation of unchastity in a man . . . . Constitutional requirements as to equality of treatment between the sexes may affect the holdings that an imputation of unchastity for a woman is [libelous] per se while a similar imputation for a man is not.

*Restatement (Second) of Torts* § 574, cmt. c (1977). So too have other authoritative treatises:

> The more substantial objection to this category [(imputation of unchastity of a woman)] of slander per se is that it is quite blatantly sexist and discriminatory, and is based on outmoded assumptions about sexual behavior. Sex-based classifications very similar to the "unchastity of a woman" rule have been struck down by the United States Supreme Court as violative of the equal protection clause. The traditional rule clearly appears unconstitutional.

2 *Law of Defamation* § 7:18 (2d ed.).

Modern courts too have found such claims to be unconstitutional. In *Butler v. Town of Argo*, 871 So. 2d 1, 17, (Ala. 2003), the Supreme Court of Alabama invalidated a *per se* imputation on the sexual chastity of women statute on equal protection grounds and required proof of imputed criminality or special damages.

Accordingly, because the single cause of action on which Plaintiff relies is unconstitutional on its face, Plaintiff's amended complaint should be dismissed with prejudice.

### III.   EACH OF PLAINTIFF'S NEWLY ADDED FIVE STATEMENTS IN SUPPORT OF HER DEFAMATION CLAIM ARE TIME-BARRED BY THE ONE-YEAR STATUTE OF LIMITATIONS.

While a lack of constitutionality underlying Plaintiff's claim is enough by itself to sufficiently dispose of this action in its entirety, other fatal defects pervade the amended complaint. Pursuant to the Order, the amended complaint seeks to incorporate five new statements in support of Plaintiff's single cause of action for defamation. (*Compare* ECF No. 93-1 ¶18 at 10-11 *with* Am. Compl. ¶18 at 10-11.) Each of these statements are time-barred by the one-year statute of limitations. N.J.S.A. 2A:14-3 provides: "Every action at law for libel or slander shall be commenced **within 1 year next after the publication** of the alleged libel or slander." (emphasis added). The publication of the statements that lie at the heart of the amended complaint were published on August 16, September 20, October 7, October 27 and December 18, 2018, respectively. (ECF No. 94-1 at 16 n.3 (citing ECF No. 6-4 at 9, 14 and 16-17).) Yang, however, did not assert these statements in support of her claim for defamation until the filing of her amended complaint on September 27, 2021. (Am. Compl. ¶18.)  Accordingly, each of the five statements that Plaintiff seeks to add by amendment are time barred by at least twenty-one months, and even longer in the case of four of the five statements.  (ECF No. 6-4 at 9, 14 and 16-17.)

Insofar as Plaintiff intends to rely on the "discovery rule" it does not apply here.[4] New Jersey courts have consistently held that "the judicially created 'discovery rule,' which defers the accrual of certain causes of action until the plaintiff knows or should know that he has been injured, is inapplicable to N.J.S.A. 2A:14-3, under which the statute of limitations begins to run upon publication." *R.K. v. Y.A.L.E. Sch., Inc.*, 621 F. Supp. 2d 188, 202 (D.N.J. 2008); *see also O'Donnell v. Simon*, 362 F. App'x 300, 305 (3d Cir. 2010) ("In New Jersey, the 'discovery rule' cannot extend the limitations period for defamation claims."); *Farzan v. United Parcel Serv., Inc.,* No. 10-cv-1417, 2011 WL 3510860, at *3 (D.N.J. Aug. 8, 2011) ("Notably, the discovery rule exemption that tolls the statute of limitations in torts claims until an aggrieved party learns of his injury is inapplicable to defamation claims under New Jersey law."); *Lawrence v. Bauer Publ'g & Printing Ltd.,* 396 A.2d 569, 570 (N.J. 1979); *Nu Wave Inv. Corp. v. Hyman Beck & Co.,* 75 A.3d 1241, 1259 (N.J. Super. Ct. App. Div. 2013), *aff'd*, 114 A.3d 7398 (N.J. 2015).

Likewise, the relation back doctrine embodied in Fed. R. Civ. P. 15 does apply here either because her new defamation claim (contained in her amended complaint filed in September 2021) does not arise out of the same "conduct, transaction or occurrence" which gave rise to the defamation claim in her initial complaint. Courts have consistently held that an amended pleading "does not relate back . . . when . . .

---

[4]     In a letter previously filed with the Court by the parties in connection with a discovery dispute Plaintiff acknowledged the five statements she now believes are defamatory and which lie at the heart of her amendment were first learned of during the deposition of Defendant on November 6, 2020. (ECF No. 83 at 9-10.)

9

supported by facts that differ in both time and type from those the original pleading set forth." *Farrell v. Einemann,* No. 04-cv-2088, 2006 WL 5164064, at *1 (D.N.J. Aug. 28, 2006) (quoting *Mayle v. Felix*, 545 U.S. 644, 650 (2005)) (internal quotations omitted). Therefore, under *Mayle*, to relate back, the amendment "must be supported by facts of the same time and type as in the original pleading." *Id.* at 2. The amended complaint does not accomplish this.

In an effort to evade a statute of limitations bar, just as it did in its initial complaint, Plaintiff fails to identify a publication date in association with any of the statements she alleges. Nevertheless, the record evidence in this case makes clear that the five statements that comprise her amendment were published in the latter half of 2018.[5] (ECF No. 6-4 at 9, 14 and 16-17.) Thus, because each of the five statements in her amended complaint were published on dates differing from the dates that other statements in the initial complaint were published (*compare*, *e.g.* Am. Compl. ¶18 at 10-11 *with* ECF No. 6-4 *generally and* ECF No. 6-4 at 9, 14 and 16-17 *specifically*), they cannot be said to relate back. Put differently, key facts in the amended complaint occurred at times that are different from the dates of publication in the initial complaint. *Id.*

---

[5]      Under the "single publication rule," a plaintiff in a defamation case is restricted to a single cause of action that arises when allegedly defamatory material is first published. *Churchhill v. State*, 378 N.J. Super. 471, 478, (App. Div. 2005); *Restatement (Second) of Torts* § 577A(4). New Jersey has adopted the single publication rule and applies it to Internet publications. *Churchill*, 378 N.J. Super. at 478-79, 483. In doing so, New Jersey has made a deliberate public policy determination to "prevent[] the constant tolling of the statute of limitations in "favor[] of a short statute of limitations period for defamation," "thereby preventing potential harassment of defendants through a multiplicity of suits." *Id.* at 479.

Nor are the facts in the amended complaint of the same type as in the initial pleading. Indeed, if the amended allegations were of the same type, there would be no need for any amendment here.[6] Central to Plaintiff's amendment are her allegations that Defendant stated Plaintiff "has very low level literacy, is capable of only simple language," "drained his bank account," "[is] moving to the east coast now?" "is . . . a psycho . . . [and] was trying to mess with her ex-husband's ex-wife again" and "she is the type of girl who cannot keep her legs closed." (Am. Compl., ¶18 at 10-11.) None of these facts are alleged in the initial complaint. Rather, Plaintiff asserts an **entirely new and different factual basis** for her defamation claim in her amended complaint. (*Id.*)

In view of the Court's decision in *Bank of Hope v. Chon*, No. 14-cv-1770, 2017 WL 39554, at *3 (D.N.J. Jan. 4, 2017), that "[claimant] failed to plead this particular act of defamation **at all** until the statute of limitations had long expired" and, like here, was aware years earlier "that the allegedly defamatory statement had been made, and thus . . . cannot reasonably argue that the contents of that statement were hidden from h[er] until after the statute of limitations had expired," the relation back doctrine does not apply and the Court should dismiss the amended complaint with prejudice. (emphasis in original.)

---

[6]    In his oral ruling on September 20, 2021, Magistrate Judge Kiel explained why, in his estimation, Plaintiff's amendment was necessary. (*See* ECF No. 90 at 11:9-12:4.)

## IV.   PLAINTIFF CANNOT ESTABLISH CERTAIN STATEMENTS ARE DEFAMATORY BECAUSE THEY ARE NOT COGNIZABLE STATEMENTS OF FACT.

Finally, even if Plaintiff's claims were constitutional or otherwise not time barred, certain statements forming the basis of her allegations at issue are not defamatory, despite her characterization of them to the contrary.

To establish a claim for defamation, a plaintiff must establish, in addition to damages and fault, that the defendant made a defamatory **statement of fact**, concerning the plaintiff, which was false and communicated to a person other than the plaintiff. *Beck v. Tribert,* 312 N.J. Super. 335, 349 (N.J. Super. Ct. App. Div. 1998); *Feggans v. Billington,* 291 N.J. Super. 382, 390 (N.J. Super. Ct. App. Div. 1996).

The first element, whether a statement is defamatory, requires an analysis of "its content, verifiability, and context." *Lynch v. New Jersey Educ. Ass'n*, 161 N.J. 152, 167 (1999). "If a statement has more than one literal meaning, the critical consideration is what a reasonable reader would understand the statement to mean." *Id*. A statement is examined "in its totality in the context in which it was uttered or published." *Cole v. Westinghouse Broad. Co.*, 435 N.E.2d 1021, 1025 (Mass. 1982). "[T]he context to be considered is both narrowly linguistic and broadly social." *Ollman v. Evans*, 750 F.2d 970, 982 (D.C. Cir. 1984) (en banc), *cert. denied*, 471 U.S. 1127 (1985). "The listener's reasonable interpretation, which will be based in part on the context in which the statement appears, is the proper measure for

12

whether the statement is actionable." *Ward v. Zelikovsky*, 643 A.3d 516, 980 (N.J. 1994).

Whether a statement is one of fact or opinion, and more broadly whether it is susceptible to defamatory meaning, is a question of law for the court. *Kotlikoff v. The Cmty. News*, 89 N.J. 62, 67 (1982). Factual statements are those capable of verification, i.e., subject to proof of truth or falsity in relation to external realities; pure opinion statements are not capable of such verification because they reflect only one's state of mind. *See Ward*, 643 A.3d at 979.

New Jersey also recognizes a distinction "between genuinely defamatory communications as opposed to obscenities, vulgarities, insults, epithets, name-calling, and other verbal abuse." *Id.* Quite simply, "[n]ame-calling is not actionable under defamation law because a certain amount of vulgar name-calling is tolerated, on the theory that it will necessarily be understood to amount to nothing more." *Id.* at 538 (internal quotations omitted). Because name-calling is not actionable, statements that a person is a "racist," "bigot," "Nazi," or a "bitch" have all been held not to be defamatory. *Id.* (holding statements that one plaintiff was a "bitch" and that plaintiffs were anti-Semitic are not actionable). This same limitation has been extended to the words "prostitute," "whore" and "hooker" – the gravamen of the allegations in the amended complaint. (Am. Compl., ¶¶ 3, 18, 20, 22, 26, 28, 33-35 and 71.)

*Lee v. TMZ Productions Inc*, 710 F. App'x 551 (3d Cir. 2017), is instructive in confirming that the amended complaint's allegations that Plaintiff is a "prostitute,"

13

"whore," "hooker" and "slut" (or the like) are not actionable under New Jersey law. In *Lee*, multiple media outlets published articles that identified plaintiff, who was falsely accused of being affiliated with a prostitution ring, as an "Asian hooker" "prostitute" and "whore." *Id.* at 554-55. The district court dismissed her claims. *Id.* at 557.  In affirming the district court's decision, the Third Circuit stated, in relevant part:

> Lee also takes issue with the tone and language used in the challenged articles. . . . While the colorful language used—particularly notable in the TMZ and Your Daily Media articles—may be distasteful or insulting to certain readers, the use of such language is not actionable for defamation. *See DeAngelis v. Hill*, 847 A.2d 1261, 1268 (N.J. 2004) ("The use of epithets, insults, name-calling, profanity and hyperbole may be hurtful to the listener and are to be discouraged, but such comments are not actionable."); *Restatement (Second) of Torts* § 566 cmt. d (1977) ("If all that the communication does is to express a harsh judgment upon known or assumed facts, there is no more than an expression of opinion of the pure type, and an action of defamation cannot be maintained."). The hyperbolic . . . language used in the challenged articles is not itself actionable.

*Id.* at 559. Accordingly, each of the statements in the amended complaint that refer to Plaintiff as a "hooker", "prostitute", "whore", "slut" or the like should be dismissed with prejudice. (Am. Compl., ¶¶ 3, 18, 20, 22, 26, 28, 33-35 and 71.)

## A. Because Certain Specific Language Allegedly Used by Defendant Appear in the Form of Questions, They are not Statements of Fact.

Plaintiff contends the following two "statements" are defamatory:

- "She has no ability to survive in this world without sleeping with men — a cheap prostitute?"

- "this whore [*sic*] moving to the east coast now?"

(Am. Compl., ¶18 at 10-11.)

14

Under the first step of the totality-of-the-circumstances test, the specific language used must be reviewed, focusing on the common meaning ascribed to the words by an ordinary reader. *Ollman*, 750 F.2d at 1012. Specifically, the court must determine "whether the allegedly defamatory statement has a precise meaning and thus is likely to give rise to clear factual implications." *Id.* at 980. A reader is "less likely to infer facts from an indefinite or ambiguous statement than one with a commonly understood meaning," and thus, statements which are "loosely definable" or "variously interpretable" generally cannot support an action for defamation. *Id.*

Here, the questions identified above are not actionable. They demonstrate inquiry — not an accusation. The language used would be understood by the ordinary reader for just what it is: one individual's inquiry into the veracity of Plaintiff's behavior that was circulating on the Internet from multiple outlets. The remarks both end with a "?". (Am. Compl., ¶18 at 10-11.) Moreover, when compared to the remaining statements alleged in the amended complaint — which actually **accuses** Plaintiff of being a whore or a prostitute — it becomes even more apparent that these remarks are unlikely to "give rise to clear factual implications," as they are at best seeking input from readers by asking a question. And, while Defendant is not going so far here as to suggest that the inclusion of a question mark automatically insulates Defendant from liability, the initial threshold inquiry the Court must make, i.e., whether this "statement" is one of fact or opinion, is implicated here.

As a matter of law, the inclusion of a question mark will tend to negate the statement as an affirmative statement of fact. *See Boulger v. Woods*, 306 F. Supp. 3d

15

985, 989 (S.D. Ohio 2018) ("The vast majority of courts to consider questions as potential defamatory statements have found them not to be assertions of fact. Rather, a question indicates a defendant's 'lack of definitive knowledge about the issue' and 'invites the reader to consider' various possibilities.") (quoting *Partington v. Bugliosi*, 56 F.3d 1147, 1157 (9th Cir. 1995)); *see also Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1093-94 (4th Cir. 1993) ("[I]nquiry itself, however embarrassing or unpleasant to the subject, is not accusation." . . . [W]hile the question, "Who will benefit more from the project—GIs or veteran charity entrepreneur Roger Chapin of San Diego and Falls Church, Va., the organizer of the campaign?" was "pointed, and could certainly arouse a reader's suspicion," it could not "reasonably be read to imply the assertion of the false and defamatory fact—pocket lining—of which plaintiffs complain"); *Phantom Touring, Inc. v. Affiliated Publications*, 953 F.2d 724, 730 (1st Cir. 1992) (rhetorical question regarding whether plaintiff was "trying to score off the success of Andrew Lloyd Webber's 'Phantom' " was not defamatory because it "reasonably could be understood only as [the author's] personal conclusion about the information presented, not as a statement of fact"); *Abbas v. Foreign Policy Group, LLC*, 975 F. Supp. 2d 1, 15 (D.D.C. 2013), *aff'd*, 783 F.3d 1328, 544 (D.C. Cir. 2015) ("Are the sons of the Palestinian president growing rich off their father's system?" and "Have they enriched themselves at the expense of regular Palestinians—and even U.S. taxpayers?" could not "be read to imply the assertion of objective facts").

Here, these questions are not verifiable, as the Defendant does not imply that she has first-hand knowledge to substantiate her remarks. The absence of any

16

supporting references in the remarks further supports that the allegedly defamatory questions are simply not verifiable. *See Roberts v. Mintz*, No. A-1563-14T4, 2016 WL 3981128, at *7 (N.J. Super. Ct. App. Div. July 26, 2016) (allegedly defamatory statements were not verifiable where defendant provided no supporting references for his claim "that plaintiffs operated a 'fraudulent puppy mill' or 'scammed' their customers.")

Moreover, these questions are not verifiable because they are inquires, not accusations, thus negating any impression that Defendant's allegedly defamatory remarks implied a false assertion of fact. The use of a question mark makes clear a "lack of definitive knowledge about the issue." *Partington*, 56 F.3d at 1157. "A question can conceivably be defamatory, though it must reasonably be read as an **assertion** of a false **fact**; inquiry itself, however embarrassing or unpleasant to its subject, is not an accusation. The language cannot be tortured to 'make that certain which is in fact uncertain.'" *Id.* (emphasis in original) (quoting *Chapin*, 993 F.2d at 1094).

The above remarks reflect Defendant's personal inquiry based on limited available information. They are not a verifiable factual assessment of Plaintiff's conduct. As such, because the allegations are questions seeking clarification as to their truth, they cannot reasonably be read as an assertion of a false fact, and therefore, are not actionable.

## V.    <u>CONCLUSION</u>

For all these reasons, defendant Peony Lin respectfully requests that this Court dismiss the amended complaint of plaintiff Tzuhsin Yang a/k/a Christine Yang in its entirety and with prejudice.

Respectfully submitted,

*/s/ Brian M. Block*

Brian M. Block
Joel G. MacMull
**MANDELBAUM SALSBURG P.C.**
3 Becker Farm Road
Roseland, New Jersey 07068
Tel.: 973-736-4600
Fax: 973-325-7467
Email: bblock@lawfirm.ms
Email: jmacmull@lawfirm.ms

*Attorneys for Defendant - Peony Lin*

Dated:  October 21, 2021

18

4860-3700-8384, v. 1